OPINION
{¶ 1} On November 15, 2005, the Stark County Grand Jury indicted appellant, Curtis Miller, on one count of burglary in violation of R.C. 2911.12. Said charge arose from an incident wherein appellant broke into a home occupied by two children, ages fourteen and twelve.
 {¶ 2} On December 16, 2005, appellant filed a motion to suppress the witness identification, claiming the photo line-up shown to the twelve year old was suggestive and unreliable. Hearings were held on December 28, 2005 and January 4, 2006. At the conclusion of the hearing, the trial court denied the motion. A judgment entry journalizing the decision was filed on January 9, 2006.
 {¶ 3} A jury trial commenced on January 5, 2006. The jury found appellant guilty. By judgment entry filed January 17, 2006, the trial court sentenced appellant to eight years in prison.
 {¶ 4} Appellant filed an appeal and this matter is now before this court for consideration. Assignments of error are as follows:
 I {¶ 5} "THERE WAS INSUFFICIENT EVIDENCE TO FIND THE APPELLANT GUILTY OF BURGLARY AND HIS CONVICTION WAS AGAINST THE MANIFEST WEIGHT OF THE EVIDENCE."
 II {¶ 6} "THE PRETRIAL IDENTIFICATION OF THE DEFENDANT BY THE WITNESS WAS IMPERMISSIBLY SUGGESTIVE SO AS TO GIVE RISE TO A VERY SUBSTANTIAL LIKELIHOOD OF MISIDENTIFICATION AND WAS NOT RELIABLE."
 III {¶ 7} "APPELLANT'S SENTENCE IS CONTRARY TO LAW AS DICTATED BY STATE V. FOSTER."
 I {¶ 8} Appellant claims his conviction for burglary was against the manifest weight of the evidence. Specifically, appellant claims a positive identification of him via a photo array was insufficient to sustain his conviction. We disagree.
 {¶ 9} On review for manifest weight, a reviewing court is to examine the entire record, weigh the evidence and all reasonable inferences, consider the credibility of witnesses and determine "whether in resolving conflicts in the evidence, the jury clearly lost its way and created such a manifest miscarriage of justice that the conviction must be reversed and a new trial ordered."State v. Martin (1983), 20 Ohio App.3d 172, 175. See also,State v. Thompkins, 78 Ohio St.3d 380, 1997-Ohio-52. The granting of a new trial "should be exercised only in the exceptional case in which the evidence weighs heavily against the conviction." Martin at 175.
 {¶ 10} Appellant was convicted of burglary in violation of R.C. 2911.12(A)(2) which states the following:
 {¶ 11} "No person, by force, stealth, or deception, shall do any of the following:
 {¶ 12} "Trespass in an occupied structure or in a separately secured or separately occupied portion of an occupied structure that is a permanent or temporary habitation of any person when any person other than an accomplice of the offender is present or likely to be present, with purpose to commit in the habitation any criminal offense."
 {¶ 13} On August 12, 2005, Tabatha Bil'le, age twelve, and her brother, William, age fourteen, were alone in their home. T. at 153. They heard a knock at the door and because they did not recognize the individual, they did not open the door. T. at 154-155, 201. The person who knocked walked off the porch and went around to the back of the house. T. at 155, 202. Approximately five to ten minutes later, Tabatha went to her bedroom in the back of the house to change her clothes. T. at 158, 203. Both children heard a noise come from William's bedroom. T. 159, 204. Tabatha walked out of her bedroom, looked down the hallway and saw an individual coming from William's bedroom. T. at 159. Tabatha did not know the person, but described him as "wearing a black and red ball cap. He had white-greyish hair. He had no beard. He had a light blue shirt on, dark blue jeans, and white tennis shoes." T. at 160. The individual had a crow bar in his hand. T. at 165. Tabatha observed him for about one minute. T. at 160. The person said "oops, sorry" and went back into William's bedroom. T. at 160-161. The two children called their mother, ran over to their grandmother's house across the field and called the police. T. at 161-162. Tabatha was shown a photo array and immediately identified appellant as the person that had entered her home. T. at 165-166, 188-189. She identified him again in open court. T. at 166-167, 179. Tabatha testified she was scared when she saw the individual, but the lighting in the hallway was sufficient for her to see his face. T. at 174, 178.
 {¶ 14} Upon investigation, the window in William's bedroom was "thrown up and the lock from my window was laying on my bed broken." T. at 207. 223. The venetian blind covering the window had been "knocked from its foundation * * * the right side had been knocked down, and it was partially laying on the bed." T. at 233.
 {¶ 15} Defense counsel cross-examined Tabatha on her identification of appellant. T. at 171-177, 179-180. The jury was given the opportunity to determine Tabatha's credibility and accuracy. It is axiomatic that one witness that is believed to be truthful and accurate is sufficient to sustain a conviction. It is the jury's responsibility to test the credibility of the witnesses and determine the truthfulness of each. State v.Jamison (1990), 49 Ohio St.3d 182, certiorari denied (1990),498 U.S. 881.
 {¶ 16} The evidence of the broken latch in William's bedroom supports Tabatha's testimony that there was a burglar. Both children heard a loud noise come from William's bedroom after seeing a stranger knock on the front door and go around toward the back of the house. Tabatha not only identified appellant from a photo array entered into evidence, but also in open court.
 {¶ 17} Upon review, we find sufficient evidence, if believed, to support the finding of guilty.
 {¶ 18} Assignment of Error I is denied.
 II {¶ 19} Appellant claims the trial court erred in denying his motion to suppress. Specifically, appellant claims the photo array identification was unduly suggestive. We disagree.
 {¶ 20} There are three methods of challenging on appeal a trial court's ruling on a motion to suppress. First, an appellant may challenge the trial court's findings of fact. In reviewing a challenge of this nature, an appellate court must determine whether said findings of fact are against the manifest weight of the evidence. State v. Fanning (1982), 1 Ohio St.3d 19; Statev. Klein (1991), 73 Ohio App.3d 485; State v. Guysinger
(1993), 86 Ohio App.3d 592. Second, an appellant may argue the trial court failed to apply the appropriate test or correct law to the findings of fact. In that case, an appellate court can reverse the trial court for committing an error of law. State v.Williams (1993), 86 Ohio App.3d 37. Finally, assuming the trial court's findings of fact are not against the manifest weight of the evidence and it has properly identified the law to be applied, an appellant may argue the trial court has incorrectly decided the ultimate or final issue raised in the motion to suppress. When reviewing this type of claim, an appellate court must independently determine, without deference to the trial court's conclusion, whether the facts meet the appropriate legal standard in any given case. State v. Curry (1994),95 Ohio App.3d 93; State v. Claytor (1993), 85 Ohio App.3d 623;Guysinger. As the United States Supreme Court held in Ornelasv. U.S. (1996), 116 S.Ct. 1657, 1663, ". . . as a general matter determinations of reasonable suspicion and probable cause should be reviewed de novo on appeal."
 {¶ 21} The photo array shown to Tabatha contained individuals with beards. December 28, 2005 T. at 14. Tabatha told the police the burglar did not have facial hair. Id. at 13, 14-15, 27, 30. The police officer told Tabatha to imagine the individuals in the photographs without facial hair. Id. at 13. She did so and identified appellant immediately. Id. at 13, 27. The police officer did not single appellant's photograph out in reference to imagining him without facial hair. Id. at 15-16, 20. It was Tabatha's first instinct to pick appellant's photograph as the burglar. Id. at 20, 27.
 {¶ 22} At the conclusion of the suppression hearing, the trial court found the photo array was not overly suggestive based upon the length of time Tabatha had to see the burglar, Tabatha's immediate identification of the burglar from the photo array and her recollection of the lack of facial hair. January 4, 2006 T. at 22-23.
 {¶ 23} In order to suppress an out-of-court identification, a trial court must find it was impermissibly suggestive. State v.Hill (1987), 37 Ohio App.3d 10. The factors to be considered are as follows:
 {¶ 24} "* * the opportunity of the witness to view the criminal at the time of the crime, the witness' degree of attention, the accuracy of the witness' prior description of the criminal, the level of certainty demonstrated by the witness at the confrontation, and the length of time between the crime and the confrontation." Neal v. Biggers (1972), 409 U.S. 188,199-200.
 {¶ 25} We concur with the trial court's analysis that Tabatha's identification of appellant was not unduly suggestive. It is noteworthy that the twelve year old witness's recollection of the identification process was far superior to the police officer's recollection. This apparently bright twelve year old could elucidate between a person with or without facial hair and was able to immediately identify appellant. There appears to be no suggestiveness in the photo array as all the photographs were of individuals with facial hair.
 {¶ 26} Upon review, we find the trial court did not err in denying appellant's motion to suppress.
 {¶ 27} Assignment of Error II is denied.
 III {¶ 28} Appellant claims his sentence was contrary to law. The state concedes the Supreme Court of Ohio's decision in State v.Foster, 109 Ohio St.3d 1, 2006-Ohio-856, mandates a remand for resentencing.
 {¶ 29} Assignment of Error III is granted as to Foster.
 {¶ 30} The judgment of the Court of Common Pleas of Stark County, Ohio is hereby affirmed in part and reversed in part. The matter is remanded to said court for resentencing pursuant toFoster.
Farmer, P.J. Edwards, J. and Boggins, J. concur.
 JUDGMENT ENTRY
For the reasons stated in our accompanying Memorandum-Opinion, the judgment of the Court of Common Pleas of Stark County, Ohio is hereby affirmed in part and reversed in part. The matter is remanded to said court for resentencing pursuant to State v.Foster, 109 Ohio St.3d 1, 2006-Ohio-856. Costs to appellee.