OPINION
{¶ 1} On November 15, 2005, the Stark County Grand Jury indicted appellant, Curtis Miller, on one count of burglary in violation of R.C.2911.12. Said charge arose from an incident wherein appellant broke into a home occupied by two children, ages fourteen and twelve.
 {¶ 2} A jury trial commenced on January 5, 2006. The jury found appellant guilty as charged. By judgment entry filed January 17, 2006, the trial court sentenced appellant to eight years in prison.
 {¶ 3} Appellant appealed and this court affirmed appellant's conviction, but remanded his case for resentencing in light of State v.Foster, 109 Ohio St.3d 1, 2006-Ohio-856. See, State v. Miller, Stark App. No. 2006CA00032, 2006-Ohio-5683.
 {¶ 4} A resentencing hearing was held on November 22, 2006. By judgment entry filed November 28, 2006, the trial court again sentenced appellant to eight years in prison.
 {¶ 5} Appellant filed an appeal and this matter is now before this court for consideration. Assignments of error are as follows:
 I {¶ 6} "THE TRIAL COURT ERRED AS A MATTER OF LAW BY IMPOSING A SENTENCE WITHOUT FIRST ASKING THE DEFENDANT WHETHER THE DEFENDANT HAD ANYTHING TO SAY AS TO WHY SENTENCE SHOULD NOT BE IMPOSED UPON THE OFFENDER." *Page 3 
 II {¶ 7} "THE TRIAL COURT ERRED AS A MATTER OF LAW BY IMPOSING A SENTENCE WITHOUT FIRST ASKING THE DEFENDANT IF HE WISHED TO PRESENT ANY INFORMATION IN MITIGATION OF PUNISHMENT."
 I, II {¶ 8} These two assignments of error challenge the trial court's handling of appellant's resentencing pursuant to State v. Foster,109 Ohio St.3d 1, 2006-Ohio-856. Appellant claims he was not given an opportunity to speak during his resentencing hearing, and he was not given the opportunity to offer anything in mitigation of his sentence. We disagree
 {¶ 9} R.C. 2929.19(A)(1) mandates the following procedures during a sentencing hearing:
 {¶ 10} "The court shall hold a sentencing hearing before imposing a sentence under this chapter upon an offender who was convicted of or pleaded guilty to a felony and before resentencing an offender who was convicted of or pleaded guilty to a felony and whose case was remanded pursuant to section 2953.07 or 2953.08 of the Revised Code. At the hearing, the offender, the prosecuting attorney, the victim or the victim's representative in accordance with section 2930.14 of the Revised Code, and, with the approval of the court, any other person may present information relevant to the imposition of sentence in the case. The court shall inform the offender of the verdict of the jury or finding of the court and ask the offender whether the offender has anything to say as to why sentence should not be imposed upon the offender." *Page 4 
 {¶ 11} Sentencing hearings are further controlled by Crim.R. 32. Subsection (A)(1) states the following:
 {¶ 12} "(A) Imposition of sentence
 {¶ 13} "Sentence shall be imposed without unnecessary delay. Pending sentence, the court may commit the defendant or continue or alter the bail. At the time of imposing sentence, the court shall do all of the following:
 {¶ 14} "(1) Afford counsel an opportunity to speak on behalf of the defendant and address the defendant personally and ask if he or she wishes to make a statement in his or her own behalf or present any information in mitigation of punishment."
 {¶ 15} In State v. Campbell, 90 Ohio St.3d 320, 2000-Ohio-183, paragraphs one and three of the syllabus, the Supreme Court of Ohio reviewed the issue sub judice and held the following:
 {¶ 16} "1. Pursuant to Crim.R. 32(A)(1), before imposing sentence, a trial court must address the defendant personally and ask whether he or she wishes to make a statement in his or her own behalf or present any information in mitigation of punishment.
 {¶ 17} "3. In a case in which the trial court has imposed sentence without first asking the defendant whether he or she wishes to exercise the right of allocution created by Crim.R. 32(A), resentencing is required unless the error is invited error or harmless error."
 {¶ 18} The state argues failure to object during the sentencing hearing constitutes waiver. We disagree. The Campbell court specifically rejected this argument. Id. at 324-325. However, the Campbell court did consider the issue of *Page 5 
harmless error. Id. at 325-326. Harmless error is described as "[a]ny error, defect, irregularity, or variance which does not affect substantial rights shall be disregarded." Crim.R. 52(A). Overcoming harmless error requires a showing of undue prejudice or a violation of a substantial right.
 {¶ 19} We note in reviewing Crim.R. 32 in the Campbell case, the Supreme Court of Ohio examined it in light of a death penalty case which, as noted by the Campbell court, is under the strictest scrutiny.
 {¶ 20} In reviewing the very short record before this court, we find any error by the trial court in not specifically stating that appellant could offer something in mitigation to be harmless. Appellant was given the opportunity to speak. The dialogue between the trial court and defense counsel and appellant was as follows:
 {¶ 21} "THE COURT: Mr. Miller, how are you this morning?
 {¶ 22} "THE DEFENDANT: All right so far.
 {¶ 23} "THE COURT: Mr. Miller, the purpose of the hearing this morning is to impose a sentence. Mr. Miller, you have been found guilty by a jury of 12 of one count of the crime of burglary, which is a Felony of the Second Degree. This can be penalized by a prison term of two to eight years in whole years. You are entitled to a sentencing hearing and that's what we're going to do right now. At this point in time I'm going to ask your attorney if there is anything that he wishes to say on your behalf.
 {¶ 24} "MR. REISCH: I have nothing.
 {¶ 25} "THE COURT: Mr. Miller? *Page 6 
 {¶ 26} "THE DEFENDANT: Well, before I got sentenced I heard four years.
I have heard of two years. I got eight years, so it is just interesting to see what happens on this resentencing.
 {¶ 27} "THE COURT: State of Ohio?
 {¶ 28} "MR. BURNWORTH: Nothing, Your Honor." November 22, 2006 T. at 3-4.
 {¶ 29} The trial court had presided over the jury trial, and sentenced appellant to the very same sentence he had received on January 17, 2006. The trial court employed the same procedures during the original sentencing hearing:
 {¶ 30} "THE COURT: Mr. Miller, how are you?
 {¶ 31} "THE DEFENDANT: Not well.
 {¶ 32} "THE COURT: I can understand that. Mr. Miller, the purpose of the hearing this afternoon is to impose a sentence. You have been found guilty by a Jury of 12 of one count of burglary, violation of the Ohio Revised Code Section 2911.(A)(2). You are entitled to a sentencing hearing pursuant to Criminal Rule 32, and that is what we are going to do this afternoon. * * * At this point in time I'm going to ask if either you or your client or you or your attorney have anything that you wish to say to me. Attorney Bible.
 {¶ 33} "MS. BIBLE: Yes, Your Honor. Just briefly, Court obviously heard all the evidence yesterday. In sentencing Mr. Miller I would ask the Court to take into consideration that there was no harm, physical harm done to anyone. There was nothing of value taken. There was nothing taken, and in determining the range of the sentence also Mr. Miller already indicated to me that he wishes to appeal his conviction *Page 7 
and is still maintaining his innocence. And therefore, I will caution him of anything that he says on the record to this court I believe he's limited for what he can say to sentencing in order not to hurt any appeal chances.
 {¶ 34} "THE COURT: And I will certainly not hold that against him. I will certainly understand your advice to him and his wisdom in accepting, following your advice. Very well. Mr. Miller, anything that you want to say to me?
 {¶ 35} "THE DEFENDANT: No, sir.
 {¶ 36} "THE COURT: Very well. State of Ohio, anything that you wish to bring to my attention?
 {¶ 37} "MR. SCOTT: Yes, Your Honor. * * *" January 6, 2006 T. at 3- 5.
 {¶ 38} We find from the tenor of appellant's responses he was in fact given full opportunity to speak, but chose to state what he did on the record. Even with the minimal dialogue, we find any perceived lapse from Crim.R. 32 to be harmless error.
 {¶ 39} Assignments of Error I and II are denied. *Page 8 
 {¶ 40} The judgment of the Court of Common Pleas of Stark County, Ohio is hereby affirmed.
 Wise, J. and Delaney, J. concur. *Page 9 
 JUDGMENT ENTRY
For the reasons stated in our accompanying Memorandum-Opinion, the judgment of the Court of Common Pleas of Stark County, Ohio is affirmed. *Page 1