[Cite as *State v. MIller*, 2011-Ohio-3039.]

COURT OF APPEALS
STARK COUNTY, OHIO
FIFTH APPELLATE DISTRICT

|  |  | JUDGES: |
| --- | --- | --- |
| STATE OF OHIO | : | Hon. W. Scott Gwin, P.J. |
|  | : | Hon. William B. Hoffman, J. |
| Plaintiff-Appellee | : | Hon. Sheila G. Farmer, J. |
|  | : |  |
| -vs- | : |  |
|  | : | Case No. 2011-CA-00074 |
| CURTIS ALLEN MILLER | : |  |
|  | : |  |
| Defendant-Appellant | : | O P I N I O N |

CHARACTER OF PROCEEDING:       Criminal appeal from the Stark County
                               Court of Common Pleas, Case No. 2005-
                               CR-1564

JUDGMENT:                      Affirmed

DATE OF JUDGMENT ENTRY:        June 20, 2011

APPEARANCES:

For Plaintiff-Appellee                For Defendant-Appellant

JOHN D. FERRERO                       CURTIS ALLEN MILLER PRO SE
PROSECUTING ATTORNEY                  #A500-306
BY: KATHLEEN O. TATARSKY              Lake Erie Correctional Institution
110 Central Plaza S., Ste 510         Box 8000
Canton, OH  44702                     Conneaut, OH 44030

*Gwin, P.J.*

{¶1} Defendant-appellant Curtis Allen Miller appeals the March 24, 2011 Judgment Entry entered by the Stark County Court of Common Pleas, which denied his Motion to Vacate Void Judgment Based on Structural Error of Jury Verdict Form and Improper Notification of Post Release Control. Plaintiff-appellee is the State of Ohio.

STATEMENT OF THE CASE[1]

{¶2} On November 15, 2005, the Stark County Grand Jury indicted appellant on one count of burglary in violation of R.C. 2911.12. Said charge arose from an incident wherein appellant broke into a home occupied by two children, ages fourteen and twelve.

{¶3} A jury trial commenced on January 5, 2006. The jury found appellant guilty as charged. By judgment entry filed January 17, 2006, the trial court sentenced appellant to eight years in prison. Appellant appealed and this court affirmed appellant's conviction, but remanded his case for resentencing in light of *State v. Foster,* 109 Ohio St.3d 1, 2006-Ohio-856. See, *State v. Miller,* Stark App. No.2006CA00032, 2006-Ohio-5683. ["*Miller* 1"].

{¶4} A resentencing hearing was held on November 22, 2006. By judgment entry filed November 28, 2006, the trial court again sentenced appellant to eight years in prison. Appellant's conviction and sentence was affirmed by this Court. See, *State v. Miller,* Stark App. No. 2006 CA00378, 2007-Ohio-2466. ["*Miller 2*"].

{¶5} On March 21, 20011 appellant filed a "Motion to Vacate Void Judgment Based on Structural Error of Jury Verdict Form and Improper Notification of Post

---

[1] A Statement of the Facts underlying Appellant's conviction is not necessary for our disposition of this appeal; therefore, such shall not be included herein.

Release Control." Appellant argued that the jury verdict form only convicted him of burglary under R.C. 2911.12, a felony of the fourth degree instead of a felony of the second degree. The trial court overruled the motion on March 24, 2011.

{¶6}    It is from the trial court's overruling of his Motion to Vacate Void Judgment Based on Structural Error of Jury Verdict Form and Improper Notification of Post Release Control that appellant has appealed, raising as his sole assignment of error,

{¶7}    "I. THE TRIAL COURT ABUSED ITS DISCRETION AND/OR COMMITTED PLAIN ERROR IN VIOLATION OF THE OHIO AND UNITED STATES CONSTITUTIONS BY DENYING THE APPELLANT'S MOTION TO VACATE THE VOID JUDGMENT BASED ON THE JURY VERDICT FORMS AS RES JUDICATA AS THE SUFFICIENCY OF A JURY VERDICT FORM TO JUSTIFY CONVICTING A DEFENDANT OF A GREATER DEGREE OF A CRIMINAL OFFENSE PRESENTS A QUESTION OF LAW, WHICH THE COURT REVIEWS DE NOVO. A    STRUCTURAL ERROR OF LAW IS A CONSTITUTIONAL DEFECT THAT EFFECTS THE FRAMEWORK WITHIN WHICH THE TRIAL PROCEEDS RATHER THAN SIMPLY BEING AN ERROR IN THE TRIAL ITSELF. A STRUCTURAL ERROR GIVES RISE TO A CONSTITUTIONAL PRESUMPTION OF PREJUDICE AS A MATTER OF AUTOMATIC REVERSAL, OF WHICH RES JUDICATA DOES NOT APPLY."

I.

{¶8}    This case comes to us on the accelerated calendar.  App. R. 11.1, which governs accelerated calendar cases, provides, in pertinent part:

{¶9}    "(E) Determination and judgment on appeal. The appeal will be determined as provided by App. R. 11. 1. It shall be in sufficient compliance with App.

R. 12(A) for the statement of the reason for the court's decision as to each error to be in brief and conclusionary form. The decision may be by judgment entry in which case it will not be published in any form."

{¶10} One of the important purposes of the accelerated calendar is to enable an appellate court to render a brief and conclusory decision more quickly than in a case on the regular calendar where the briefs, facts and legal issues are more complicated. *Crawford v. Eastland Shopping Mall Assn.* (1983), 11 Ohio App. 3d 158, 463 N.E.2d 655. This appeal shall be considered in accordance with the aforementioned rule.

{¶11} Appellant maintains his sentence is void claiming the verdict form in his case was defective because it did not state the level of the offense on which he was convicted. We disagree.

{¶12} Appellant cites R.C. 2945.75 in support of his argument that error occurred.

{¶13} R.C. 2945.75 provides:

{¶14} "(A) When the presence of one or more additional elements makes an offense one of more serious degree:

{¶15} "(1) The affidavit, complaint, indictment, or information either shall state the degree of the offense which the accused is alleged to have committed, or shall allege such additional element or elements. Otherwise such affidavit, complaint, indictment, or information is effective to charge only the least degree of the offense.

{¶16} "(2) A guilty verdict shall state either the degree of the offense of which the offender is found guilty, or that such additional element or elements are present.

Otherwise, a guilty verdict constitutes a finding of guilty of the least degree of the offense charged."

**{¶17}** The Supreme Court of Ohio has interpreted this statute to provide the requirements for what must be included in a jury verdict form. *State v. Pelfrey*, 112 Ohio St.3d 422, 860 N.E.2d 735, 2007-Ohio-256 at ¶ 14. The *Pelfrey* Court held that "pursuant to the clear language of R.C. 2945.75, a verdict form signed by a jury must include either the degree of the offense of which the defendant is convicted or a statement that an aggravating element has been found to justify convicting a defendant of a greater degree of a criminal offense." Id. See also, *State v. Nethers*, Licking App. No. 07 CA 78, 2008-Ohio-2679 at ¶ 51.

**{¶18}** In *Pelfrey*, the jury found him guilty, and he was sentenced on the third-degree felony conviction to serve four years in prison. The Second District Court of Appeals affirmed Pelfrey's conviction, rejecting a manifest-weight-of-the-evidence argument. *State v. Pelfrey,* Montgomery App. No. 19955, 2004-Ohio-3401. The court of appeals subsequently granted Pelfrey's application to reopen the appeal under App.R. 26(B). Pelfrey argued that the trial court had erred in entering a conviction of a third-degree felony because the verdict form and the trial court's subsequent verdict entry were inadequate to support a conviction of tampering with government records. Instead, Pelfrey argued that he could have been convicted only of the misdemeanor offense of tampering with records. See R.C. 2913.42(B) (2).

**{¶19}** The Second District Court of Appeals agreed with Pelfrey's argument and stated, "'Pelfrey's failure to raise this defect *at trial* did not waive it*,* and the fact that the indictment and jury instructions addressed the government-records issue did not cure

the non-compliance with R.C.  2945.75(A) (2).' " *State v. Pelfrey,* Montgomery App. No. 19955, 2005-Ohio-5006, 2005 WL 2327123, ¶ 23, quoting *State v. Woullard,* 158 Ohio App.3d 31, 2004-Ohio-3395, 813 N.E.2d 964, ¶ 23.(Emphasis added). The court of appeals held that "the trial court was required to enter a conviction for first-degree misdemeanor tampering with records, which is the least degree of the offense under R.C. § 2913.42." Id. The Ohio Supreme Court in *Pelfrey* agreed that he did not waive the error by failing to raise it in the *trial* court. 112 Ohio St.3d 425-426, 860 N.E.2d at 735, 2007-Ohio-256 at ¶ 14. (Emphasis added).

**{¶20}** "Under the doctrine of res judicata, a final judgment of conviction bars a convicted defendant who was represented by counsel from raising and litigating in any proceeding * * * any defense or any claimed lack of due process that was raised or could have been raised by the defendant at the trial, which resulted in that judgment of conviction, or on any appeal from that judgment." *State v. Svefcyk* (1996), 77 Ohio St.3d 93, syllabus.

**{¶21}** In the present case, appellant did not seek to present his arguments as a timely direct appeal; rather he filed a motion to correct a void sentence subsequent to the time when he could have raised the issue in a direct appeal. We find no reason to override the general rule in Ohio that a trial court has no authority to reconsider a valid final judgment in a criminal case. *State v. Brown,* 5th District No. 09–CA–137, 2010–Ohio–2757 at ¶ 19, citing *State v. Moore,* 4th Dist. No. 03CA18, 2004–Ohio–3977.

**{¶22}** As this Court has previously noted, *Pelfrey* applies only in a procedural posture of a direct appeal. *State v. Branco,* Stark App. No. 2010–CA–00098, 2010–Ohio–3856 at ¶ 14; *State v. Brown,* Richland App. No. 09–CA–137, 2010–Ohio–2757 at

¶ 17. In the case at bar appellant could have, but did not, raise this issue in *Miller 1* or even in *Miller 2*, supra. Appellant had the opportunity to raise this issue on direct appeal, but, unlike the defendant in *Pelfrey,* he failed to do so. The doctrine of res judicata bars appellant from raising this issue anew via a motion to vacate a sentence. *State v. Foy*, Stark App. No. 2009-CA-00239, 2010-Ohio-2445 at ¶ 8.

{¶23} Because appellant could have raised this claim on direct appeal, we find the doctrine of res judicata is applicable and the trial court did not err in denying his Motion to Vacate Void Judgment Based on Structural Error of Jury Verdict Form and Improper Notification of Post Release Control.

{¶24} Moreover, even if we were to consider appellant's arguments on the merits, we find that the verdict forms did comply with *Pelfrey.*

{¶25} Appellant was convicted of burglary in violation of R.C. 2911.12(A)(2) which states the following:

{¶26} "(A) No person, by force, stealth, or deception, shall do any of the following:

{¶27} "* * *

{¶28} "(2) Trespass in an occupied structure or in a separately secured or separately occupied portion of an occupied structure that is a permanent or temporary habitation of any person when any person other than an accomplice of the offender is present or likely to be present, with purpose to commit in the habitation any criminal offense.

{¶29} "* * *

{¶30} "(C) Whoever violates this section is guilty of burglary. A violation of division (A)(1) or (2) of this section is a felony of the second degree. A violation of division (A)(3) of this section is a felony of the third degree. A violation of division (A)(4) of this section is a felony of the fourth degree."

{¶31} Unlike the statute at issue in *Pelfrey,* the charge in the case at bar contains the degree of the offense charged in the language of the statute, and does not require any additional findings to enhance the level of the offense. Because the statute under which appellant was convicted defines the degree of the offense charged, the verdict form complied with *Pelfrey* without including any additional language or the degree of the offense charged.

{¶32} Appellant's sole assignment of error is overruled.

{¶33} The judgment of the Stark County Court of Common Pleas is affirmed.


By Gwin, P.J.,

Hoffman, J., and

Farmer, J., concur

_____

HON. W. SCOTT GWIN

_____

HON. WILLIAM B. HOFFMAN

_____

HON. SHEILA G. FARMER

WSG:clw 0609

[Cite as *State v. MIller*, 2011-Ohio-3039.]

IN THE COURT OF APPEALS FOR STARK COUNTY, OHIO

FIFTH APPELLATE DISTRICT

STATE OF OHIO                          :
                                       :
                Plaintiff-Appellee     :
                                       :
                                       :
-vs-                                   :          JUDGMENT ENTRY
                                       :
CURTIS ALLEN MILLER                    :
                                       :
                                       :
          Defendant-Appellant          :          CASE NO. 2011-CA-00074


     For the reasons stated in our accompanying Memorandum-Opinion, the judgment of

the Stark County Court of Common Pleas is affirmed.  Costs to appellant.


                                       _____
                                       HON. W. SCOTT GWIN


                                       _____
                                       HON. WILLIAM B. HOFFMAN


                                       _____
                                       HON. SHEILA G. FARMER