[Cite as *State v. Gulley*, 2011-Ohio-3811.]

COURT OF APPEALS
STARK COUNTY, OHIO
FIFTH APPELLATE DISTRICT


STATE OF OHIO

      Plaintiff-Appellee

-vs-

JESSE GULLEY

      Defendant-Appellant

JUDGES:
Hon. W. Scott Gwin, P. J.
Hon. John W. Wise, J.
Hon. Patricia A. Delaney, J.

Case No. 2010 CA 00296


O P I N I O N


| CHARACTER OF PROCEEDING: | Criminal Appeal from the Court of Common Pleas, Case No. 2005 CR 00745 |
| --- | --- |
| JUDGMENT: | Affirmed |
| DATE OF JUDGMENT ENTRY: | August 1, 2011 |

APPEARANCES:

For Plaintiff-Appellee                    For Defendant-Appellant

JOHN D. FERRERO                          MATTHEW PETIT
PROSECUTING ATTORNEY                      116 Cleveland Avenue NW
KATHLEEN O. TATARSKY                      808 Courtyard Centre
ASSISTANT PROSECUTOR                      Canton, Ohio  44702
110 Central Plaza South, Suite 510
Canton, Ohio  44702-1413

*Wise, J.*

{¶1}   Appellant Jesse Gulley appeals his conviction entered in the Stark County Court of Common Pleas on one count of possession of cocaine.

## STATEMENT OF THE FACTS AND CASE

{¶2}   In 2005, Appellant Jesse Gulley, was indicted on charges of possession of cocaine, in violation of R.C. §2925.11 (A)(C)(4){E}.  Due to the weight of the cocaine being 43 grams, felony one penalties attached.

{¶3}   The case came on for jury trial on February 8, 2006 before a visiting judge. The jury returned with a verdict of guilty to the charges in the indictment.

{¶4}   The trial court ordered a pre-sentence investigation (PSI) and on March 9, 2006, Appellant returned to court for sentencing. The trial court sentenced Appellant to nine years in prison and imposed a $20,000.00 fine. Appellant was further notified that post-release control was mandatory up to a maximum of five years. (Judgment Entry, 3/9/06).

{¶5}   Appellant filed a motion for leave to file a delayed appeal which was granted.  The appeal was heard by the Ninth District Court of Appeals due to the fact that Appellant's former appellate counsel is now an employee of this Court. In that appeal, Appellant did not raise a specific error as to his sentence, only the basis of his

conviction and denial of his suppression motion. The court of appeals affirmed his conviction. *State v. Gulley*, Stark App. No. 2006 CA 00114, 2008-Ohio-887, motion for delayed appeal denied, 120 Ohio St.3d 1451, 2008-Ohio-6813.

{¶6} On December 3, 2009, Appellant filed a motion with the trial court asking for a new sentencing hearing under the line of cases emanating from the Ohio Supreme Court relating to post release control. See e.g., *State v. Bezak*, 114 Ohio St.3d 94, 2007-Ohio-3250, 868 N.E.2d 961, syllabus. In *Bezak*, the Ohio Supreme Court held, "[w]hen a defendant is convicted of or pleads guilty to one or more offenses and post-release control is not properly included in a sentence for a particular offense, the sentence for that offense is void and the offender is entitled to a new sentencing hearing for that particular offense."

{¶7} In his motion, Appellant alleged that the trial court failed to inform him of post-release control at the sentencing hearing. The trial court summarily overruled his motion.

{¶8} Appellant filed an appeal to this Court and the Court remanded the case to the trial court, finding that the sentencing judgment entry did not include the imposition of post-release control, and the trial court failed to notify Appellant of post-release control at the sentencing hearing. *State v. Gulley*, Stark App.No. 2010-CA-00003, 2010-Ohio-3590.

{¶9} On September 1, 2010, the trial court had Appellant transported from prison and held a sentencing hearing pursuant to the remand of this Court. At the hearing, the trial court imposed a mandatory term of five years of post-release control.

(Tr. 4). The trial court re-imposed a sentence of nine years. (T. at 4). (See Judgment Entry, Sept. 14, 2010).

{¶10} Appellant now appeals, assigning the following errors for review:

**ASSIGNMENTS OF ERROR**

{¶11} "I. THE TRIAL COURT ERRED IN SENTENCING THE APPELLANT.

{¶12} "THE TRIAL COURT ERRED IN DENYING THE APPELLANT HIS RIGHT TO ALLOCUTION."

**I.**

{¶13} In his first assignment of error, Appellant claims that the trial court erred in not considering the statutory factors contained in R.C. §2929.11 and R.C. §2929.12 prior to imposing sentence. We disagree.

{¶14} In *State v. Kalish,* 120 Ohio St.3d 23, 896 N.E.2d 124, 2008–Ohio–4912, the Supreme Court of Ohio set forth the following two-step approach in reviewing a sentence:

{¶15} "In applying *Foster* to the existing statutes, appellate courts must apply a two-step approach. First, they must examine the sentencing court's compliance with all applicable rules and statutes in imposing the sentence to determine whether the sentence is clearly and convincingly contrary to law. If this first prong is satisfied, the trial court's decision shall be reviewed under an abuse-of-discretion standard."

{¶16} In order to find an abuse of discretion, we must determine the trial court's decision was unreasonable, arbitrary or unconscionable and not merely an error of law or judgment. *Blakemore v. Blakemore* (1983) 5 Ohio St.3d 217, 450 N.E.2d 1140.

**{¶17}** We note that although in *Oregon v. Ice* (2009), 555 U.S. 160, 129 S.Ct. 711, 172 L.Ed.2d 517, the United States Supreme Court upheld the constitutional validity of an Oregon statute similar to Ohio's pre-*Foster* sentencing statutes, the Supreme Court of Ohio in *State v. Hodge,* 128 Ohio St.3d 1, 941 N.E.2d 768, 2010–Ohio–6320, held the *Oregon* case did not revive the *Foster* statutes, and trial courts are not obligated to engage in judicial fact-finding prior to imposing consecutive sentences.

**{¶18}** In the case sub judice, Appellant was convicted of a first degree felony. Felonies of the first degree are punishable by up to ten years. The trial court herein sentenced Appellant to nine years. The sentence is within the permissible range. Furthermore, in its judgment entry, the trial court expressly stated that it considered the purposes and principles of sentencing under R.C. §2929.11, as well as the seriousness and recidivism factors under R.C. §2929.12. Accordingly, the sentences are not clearly and convincingly contrary to law.

**{¶19}** We further find that Appellant failed to challenge his sentence in his direct appeal. The Ohio Supreme Court has held that if a defendant is under a sentence in which post-release control was not properly handled, only the offending portion of the sentence dealing with post-release control is subject to review and correction. *State v. Fischer,* 128 Ohio St.3d 92, 2010–Ohio–6238. The new sentencing hearing to which the offender is entitled is limited to the issue of post-release control. *Id.*

**{¶20}** Appellant's first assignment of error is overruled.

II.

**{¶21}** In his second assignment of error, Appellant claims that the trial court denied him his right of allocution. We disagree.

**{¶22}** Crim. R. 32 addresses the trial court's duty upon imposition of sentence. The rule provides:

**{¶23}** "(A) Imposition of sentence. Sentence shall be imposed without unnecessary delay. Pending sentence, the court may commit the defendant or continue or alter the bail. At the time of imposing sentence, the court shall do all of the following:

**{¶24}** "(1) Afford counsel an opportunity to speak on behalf of the defendant and address the defendant personally and ask if he or she wishes to make a statement in his or her own behalf or present any information in mitigation of punishment.

**{¶25}** "(2) Afford the prosecuting attorney an opportunity to speak;

**{¶26}** "(3) Afford the victim the rights provided by law;

**{¶27}** "(4) In serious offenses, state its statutory findings and give reasons supporting those findings, if appropriate."

**{¶28}** This rule refers to what is commonly referred to as a defendant's right of allocution.

**{¶29}** "A Crim.R. 32 inquiry is much more than an empty ritual: it represents a defendant's last opportunity to plead his case or express remorse." *State v. Green* (2000), 90 Ohio St.3d 352, 359-60, 738 N.E.2d 1208. The requirement of allocution is considered fulfilled when the conduct of the court clearly indicates to the defendant and his counsel that each has a right to make a statement prior to the imposition of sentence. *Defiance v. Cannon* (1990), 70 Ohio App.3d 821, 828, 592 N.E.2d 884, citing *United States v. Byars* (C.A.6, 1961), 290 F.2d 515, 517. The right to allocution is both absolute and not subject to waiver due to a defendant's failure to object. *State v. Campbell,* 90 Ohio St.3d 320, 325-326, 738 N.E.2d 1178.

**{¶30}** At the September 1, 2010, hearing in this matter, Appellant was represented by counsel. Prior to imposing sentence, the trial court made the following inquiry:

**{¶31}** "Court: Mr. Gulley, counsel, anything you wish to state prior to the Court imposing sentence in this matter?" (T. at 3).

**{¶32}** In response to the trial court's inquiry, Appellant's trial counsel stated:

**{¶33}** "Counsel: [N]ot today, Judge." (T. at 3).

**{¶34}** While this exchange is short, it clearly indicates that the trial court provided both Appellant and his counsel the right to make a statement prior to the imposition of sentence.

**{¶35}** Appellant's second assignment of error is overruled.

**{¶36}** For the foregoing reasons, the judgment of the Court of Common Pleas, Stark County, Ohio, is affirmed.

By: Wise, J.

Gwin, P. J., and

Delaney, J., concur.

_____

_____

_____

JUDGES

JWW/d 0707

IN THE COURT OF APPEALS FOR STARK COUNTY, OHIO
FIFTH APPELLATE DISTRICT


STATE OF OHIO                          :
                                       :
    Plaintiff-Appellee               :
                                       :
-vs-                                   :          JUDGMENT ENTRY
                                       :
JESSE GULLEY                           :
                                       :
    Defendant-Appellant              :          Case No. 2010 CA 00296


For the reasons stated in our accompanying Memorandum-Opinion, the judgment of the Court of Common Pleas of Stark County, Ohio, is affirmed.

Costs assessed to Appellant.


_____


_____


_____

JUDGES