[Cite as *State v. Jencson*, 2021-Ohio-3256.]

COURT OF APPEALS
KNOX COUNTY, OHIO
FIFTH APPELLATE DISTRICT

| | | |
|---|---|---|
| STATE OF OHIO | : | JUDGES: |
| | : | |
| | : | Hon. Craig R. Baldwin, P.J. |
| Plaintiff-Appellee | : | Hon. John W. Wise, J. |
| | : | Hon. Patricia A. Delaney, J. |
| -vs- | : | |
| | : | Case No. 21CA12 |
| | : | |
| TEDDY L. JENCSON | : | |
| | : | |
| | : | |
| Defendant-Appellant | : | O P I N I O N |

CHARACTER OF PROCEEDING:      Appeal from the Knox County Court of Common Pleas, Case No. 20CR09241

JUDGMENT:      AFFIRMED

DATE OF JUDGMENT ENTRY:      September 15, 2021

APPEARANCES:

For Plaintiff-Appellee:

CHARLES T. MCCONVILLE
KNOX COUNTY PROSECUTOR
117 East High St., Suite 234
Mount Vernon, OH 43050

For Defendant-Appellant:

TODD W. BARSTOW
261 W. Johnstown Road, Ste. 204
Columbus, OH 43230

*Delaney, J.*

{¶1} Appellant Teddy L. Jencson appeals from the March 26, 2021 Sentencing Entry of the Knox County Court of Common Pleas. Appellee is the state of Ohio.

**FACTS AND PROCEDURAL HISTORY**

{¶2} This case arose in Knox County on August 27, 2020, during a traffic stop of appellant. A canine free-air sniff was conducted around the vehicle and resulted in a positive indication. Upon the ensuing search of the vehicle, methamphetamine was found. Appellant acknowledged he knew it was there and that it was his. The substance tested positive for methamphetamine.

{¶3} Appellant was charged by indictment with one count of aggravated drug possession (methamphetamine) pursuant to R.C. 2925.11(A), a felony of the fifth degree [Count I] and one count of drug possession (buprenorphine) pursuant to R.C. 2925.11(A), also a felony of the fifth degree [Count II].

{¶4} On February 25, 2021, appellant appeared before the trial court and changed his previously-entered plea of not guilty to one of guilty to Count I, and appellee agreed to dismiss Count II in exchange for the guilty plea. The trial court accepted appellant's guilty plea and ordered preparation of a pre-sentence investigation (P.S.I.).

{¶5} On March 25, 2021, appellant appeared for sentencing. Although the parties jointly recommended a sentence of community control, the trial court stated the following:

* * * *.

THE COURT: Okay. All right. The Court has reviewed the presentence investigation report, and I note that within the last three

years there have been federal probation violations that resulted in prison sentences. And the Court has considered the purposes and principles of Revised Code Section 2929.11 and the factors in Revised Code Section 2929.12 and 2929.13. I do find that a prison term is consistent with the purposes of Revised Code Section 2929.11, and that [appellant] is not amenable to an available community control sanction at this time.

It's therefore the sentence of the Court that [appellant] serve a definite term of imprisonment of 11 months on Count I. This case is not TCAP eligible because of a prior violent offense Franklin County 060007898. [Appellant] is given credit for zero days served toward his sentence. The Court's not assessing a fine. You are ordered to pay court costs.

* * * *.

T. Sentencing, 4-5.

{¶6} Appellant was therefore sentenced to a prison term of 11 months upon Count I.

{¶7} Appellant now appeals from the trial court's Sentencing Entry of March 26, 2021.

{¶8} Appellant raises two assignments of error:

**ASSIGNMENTS OF ERROR**

{¶9} "I. THE TRIAL COURT ERRED TO THE PREJUDICE OF THE APPELLANT BY SENTENCING HIM IN CONTRAVENTION OF OHIO'S FELONY SENTENCING STATUTES."

{¶10} "II. THE TRIAL COURT ERRED TO THE PREJUDICE OF APPELLANT AND DENIED HIM DUE PROCESS OF LAW UNDER THE UNITED STATES AND OHIO CONSTITUTIONS BY NOT PERMITTING HIM TO ALLOCUTE AT THE SENTENCING HEARING PURSUANT TO OHIO RULE OF CRIMINAL PROCEDURE 32(A)(1)."

**ANALYSIS**

I.

{¶11} In his first assignment of error, appellant argues the trial court did not comply with Ohio's sentencing statutes in formulating his sentence. We disagree.

{¶12} We review felony sentences using the standard of review set forth in R.C. 2953.08. *State v. Marcum*, 146 Ohio St.3d 516, 2016-Ohio-1002, 59 N.E.3d 1231, ¶22; *State v. Howell*, 5th Dist. Stark No. 2015CA00004, 2015-Ohio-4049, ¶ 31. R.C. 2953.08(G)(2) provides we may either increase, reduce, modify, or vacate a sentence and remand for resentencing where we clearly and convincingly find that either the record does not support the sentencing court's findings under R.C. 2929.13(B) or (D), 2929.14(B)(2)(e) or (C)(4), or 2929.20(I), or the sentence is otherwise contrary to law. *See, also, State v. Bonnell*, 140 Ohio St.3d 209, 2014-Ohio-3177, 16 N.E.2d 659, ¶ 28.

{¶13} Clear and convincing evidence is that evidence "which will provide in the mind of the trier of facts a firm belief or conviction as to the facts sought to be established." *Cross v. Ledford*, 161 Ohio St. 469, 120 N.E.2d 118 (1954), paragraph three of the

syllabus. "Where the degree of proof required to sustain an issue must be clear and convincing, a reviewing court will examine the record to determine whether the trier of facts had sufficient evidence before it to satisfy the requisite degree of proof." *Cross*, 161 Ohio St. at 477, 120 N.E.2d 118.

{¶14} Appellant argues the trial court failed to comply with R.C. 2929.11 [overriding purposes of felony sentencing] and R.C. 2929.12 [factors to consider in felony sentencing]. Recently, the Ohio Supreme Court addressed whether a sentence is "contrary to law" under R.C. 2953.08(G)(2)(b) if an appellate court finds that the record does not support a sentence with respect to R.C. 2929.11 and 2929.12. *State v. Jones*, 163 Ohio St.3d 242, 2020-Ohio-6729, 169 N.E.3d 649. A plurality of the Court in *Jones* noted nothing in R.C. 2953.08(G)(2) permits an appellate court to independently weigh the evidence in the record and substitute its judgment for that of the trial court concerning the sentence that best reflects compliance with R.C. 2929.11 and 2929.12. *Id.*, ¶ 42. Additionally, neither R.C. 2929.11 nor 2929.12 requires a trial court to make any specific factual findings on the record. *Id.*, ¶ 20, citing *State v. Wilson*, 129 Ohio St.3d 214, 2011-Ohio-2669, 951 N.E.2d 381, ¶ 31.

{¶15} Turning to appellant's argument, we are foreclosed from weighing the evidence and substituting our judgment for that of the trial court in determining whether the sentence complies with R.C. 2929.11 and R.C. 2929.12. Nonetheless, the record supports the trial court's decision to impose a prison term. Appellant's criminal history included federal probation violations resulting in prison terms; appellant had a prior conviction for an offense of violence and was therefore prison-eligible; and a term of 11

months is within the range of permissible sentences for a felony of the fifth degree. R.C. 2929.14(A)(5).

{¶16} Appellant's first assignment of error is therefore overruled.

II.

{¶17} In his second assignment of error, appellant argues the trial court did not allow him to exercise his right of allocution. We disagree.

{¶18} At the time of imposing sentence, the trial court shall afford counsel an opportunity to speak on behalf of the defendant and address the defendant personally and ask if he or she wishes to make a statement in his or her own behalf or present any information in mitigation of punishment. Crim.R. 32(A)(1). In *State v. Campbell,* 90 Ohio St.3d 320, 2000-Ohio-183, at paragraphs one and three of the syllabus, the Supreme Court of Ohio noted that the trial court's duty to ask the defendant whether he or she wishes to exercise the right of allocution is mandatory, and if the trial court fails to do so, resentencing is required unless the error is invited error or harmless error.

{¶19} Harmless error is described as "[a]ny error, defect, irregularity, or variance which does not affect substantial rights shall be disregarded." Crim.R. 52(A). Overcoming harmless error requires a showing of undue prejudice or a violation of a substantial right.

{¶20} The requirement of allocution is considered fulfilled when the conduct of the court clearly indicates to the defendant and his counsel that each has a right to make a statement prior to the imposition of sentence. *State v. Gulley*, 5th Dist. Stark No. 2010 CA 00296, 2011-Ohio-3811, ¶ 29, citing *Defiance v. Cannon*, 70 Ohio App.3d 821, 828, 592 N.E.2d 884 (3rd Dist.1990), internal citation omitted.

{¶21} The relevant dialogue between the trial court, defense trial counsel, and appellant was as follows:

* * * *.

THE COURT: Okay. Sir, are you Teddy Jencson?

[APPELLANT]: Yes, sir, I am.

THE COURT: Good morning.

[APPELLANT]: Good morning.

THE COURT: We're here for your sentencing in your case. I'll give you—I'll put a little background on the record for you. I'll give you and [defense trial counsel] an opportunity to speak. I do have your presentence investigation here, report, and I've reviewed it.

* * * *.

T. Sentencing, 2.

{¶22} The trial court asked whether appellee had anything to put on the record, and the assistant prosecutor recommended community control. The trial court then addressed defense trial counsel, who supported the request for community control and spoke of appellant's long history with drug addiction. The record of the sentencing hearing continues as follows:

* * * *.

THE COURT: Okay. [Appellant]?

[DEFENSE TRIAL COUNSEL]: Do you have anything you would like to say?

THE COURT: Okay. All right. The Court has reviewed the presentence investigation report * * *.

* * * *.

T. Sentencing, 3-4.

{¶23} Appellant was given the opportunity to speak. *State v. Miller*, 5th Dist. Stark No. 2006CA00378, 2007-Ohio-2466, ¶ 20. "While this exchange is short, it clearly indicates that the trial court provided both Appellant and his counsel the right to make a statement prior to the imposition of sentence." *State v. Gulley*, 5th Dist. Stark No. 2010 CA 00296, 2011-Ohio-3811, ¶ 34. Appellant's response to the trial court's invitation to speak was not recorded and was possible nonverbal, but clearly the trial court afforded him an opportunity to speak, emphasized by defense trial counsel.

{¶24} Moreover, "we find from the tenor of appellant's responses he was in fact given full opportunity to speak, but chose to state what he did on the record." *Miller*, supra, 2007-Ohio-2466, ¶ 38. Even with the minimal dialogue, we find any perceived lapse from Crim.R. 32 to be harmless error. *Id.*

{¶25} Appellant's second assignment of error is overruled.

## CONCLUSION

{¶26} Appellant's two assignments of error are overruled and the judgment of the Knox County Court of Common Pleas is affirmed.

By: Delaney, J.,

Baldwin, P.J. and

Wise, John, J., concur.