The STATE of Ohio, Appellee,

v.

BROWN, Appellant.

[Cite as *State v. Brown,* 166 Ohio App.3d 252, 2006-Ohio-1796.]

Court of Appeals of Ohio,
Eleventh District, Geauga County.

No. 2005–G–2655.

Decided April 7, 2006.

David P. Joyce, Geauga County Prosecuting Attorney, and Susan T. Wieland, Assistant Prosecuting Attorney, for appellee.

Dennis P. Levin, for appellant.

DIANE V. GRENDELL, Judge.

{¶ 1} Defendant-appellant, Joel R. Brown, appeals from the judgment entry of the Geauga County Court of Common Pleas, Juvenile Division, sentencing him to 180 days in the Geauga Safety Center, with 90 days suspended, and fining him $500 for contributing to the unruliness or delinquency of a child, a misdemeanor

of the first degree, in violation of R.C. 2919.24(A)(2).[1] For the reasons that follow, we reverse the judgment and remand the cause to the trial court for resentencing.

{¶ 2} In a complaint filed March 15, 2005, Brown was charged with one count of contributing to the delinquency of a child and one count of contributing to the unruliness of a child, both in violation of R.C. 2919.24(A)(2), misdemeanors of the first degree. Both counts arose from a continuing course of conduct in which Brown, then age 20, repeatedly attempted to initiate contact with K.S., a 16–year–old female, in violation of a juvenile court order to which the minor was subject.

{¶ 3} On June 13, 2005, Brown entered a plea of no contest to Count One and was found guilty. The second count of the complaint was dismissed by the state. Brown was sentenced on July 27, 2005.

{¶ 4} Brown timely appealed, asserting a single assignment of error:

{¶ 5} "The trial court erred in failing to provide the appellant with the opportunity to personally speak in mitigation of his sentence, thus denying him his constitutional right to allocution."

{¶ 6} We note, at the outset, that the failure of a trial court to ask a defendant whether he has anything to say before sentence is imposed is not a constitutional error. *Hill v. United States* (1962), 368 U.S. 424, 428, 82 S.Ct. 468, 7 L.Ed.2d 417. Although not considered a constitutional right, the right of allocution is firmly rooted in the common-law tradition. *Green v. United States* (1961), 365 U.S. 301, 304, 81 S.Ct. 653, 5 L.Ed.2d 670. The right has been explained as the opportunity for a defendant to personally "present to the court his plea in mitigation." Id.

{¶ 7} Crim.R. 32 preserves the right of allocution and requires the trial court to both "[a]fford counsel an opportunity to speak on behalf of the defendant *and* address the defendant personally and ask if he * * * wishes to make a statement

---

1. The suspension of Brown's sentence was conditional on his observance of all the terms and conditions of his probation/community control, including no intentional contact with children under the age of 18, other than immediate family members, unless given special permission from his probation officer, and that he complete a mental-health assessment and follow the recommendations thereof, and undergo counseling. Brown was also ordered not to intentionally come within ¼ mile of any of the minor's family members. Brown was additionally fined $1,000, of which $500 was suspended on the condition that Brown complied with the aforementioned provisions of his community-control sanctions. Although Brown was taken into the county's custody on the day of sentencing and has served his 90–day sentence, the possibility that he may be required to serve an additional 90 days remains, and, therefore, Brown's appeal is not moot.

in his * * * own behalf or present any information in mitigation of punishment." (Emphasis added.)   Crim.R. 32(A)(1).

{¶ 8} The plain language of the rule imposes a mandatory duty upon the trial court to unambiguously address the defendant and provide him or her with the opportunity to speak before sentencing.   *State v. Green* (2000), 90 Ohio St.3d 352, 359, 738 N.E.2d 1208, citing *Green,* 365 U.S. at 305, 81 S.Ct. 653, 5 L.Ed.2d 670.   The defendant's right to allocution applies equally to both felony and misdemeanor convictions.   *Defiance v. Cannon* (1990), 70 Ohio App.3d 821, 828, 592 N.E.2d 884; *State v. Nahhas* (Mar. 16, 2001), 11th Dist. No. 99–T–0179, 2001, 2001 WL 277005.   "A Crim.R. 32 inquiry is much more than an empty ritual: it represents a defendant's last opportunity to plead his case or express remorse."   *Green,* 90 Ohio St.3d at 359–360, 738 N.E.2d 1208.   The requirement of allocution is considered fulfilled when the conduct of the court clearly indicates to the defendant and his counsel that each has a right to make a statement prior to the imposition of sentence.   *Cannon,* 70 Ohio App.3d at 828, 592 N.E.2d 884, citing *United States v. Byars* (C.A.6, 1961), 290 F.2d 515, 517.   The right to allocution is both absolute and not subject to waiver due to a defendant's failure to object.   *State v. Campbell,* 90 Ohio St.3d 320, 325–326, 738 N.E.2d 1178. When a trial court imposes sentence without first asking the defendant whether he or she has anything to say in his or her defense, the judgment of sentence shall be reversed and the cause shall be remanded for resentencing, unless the error is invited or harmless.   *Campbell,* 90 Ohio St.3d at 326, 738 N.E.2d 1178; *Silsby v. State* (1928), 119 Ohio St. 314, 164 N.E. 232, at paragraphs one and two of the syllabus.

{¶ 9} Here, neither party disputes that the trial court neglected to afford Brown the opportunity to speak prior to the imposition of sentence.

{¶ 10} The state correctly points out that a trial court's failure to directly invite the defendant to speak during sentencing is not, in all cases, prejudicial error requiring reversal.   *State v. Reynolds,* 80 Ohio St.3d 670, 684, 687 N.E.2d 1358. Relying on this aforementioned proposition, the state asks us to adopt the holdings of *State v. Mynhier* (2001), 146 Ohio App.3d 217, 765 N.E.2d 917, and *State v. McBride* (Jan. 26, 2001), 2nd Dist. No. 18016, 2001 WL 62543, in which the First and Second District Courts of Appeals required the defendants to demonstrate that the trial court's error was prejudicial by presenting the appellate court with the specific information that would have been presented to the trial court had the defendant been given the opportunity to speak.

{¶ 11} We decline to adopt that rule, but hold, consistent with the Fourth District's holding, that "[t]he failure to grant allocution is not harmless error when a defendant is denied the opportunity to address evidence introduced and

considered by the trial court at sentencing." *State v. Castle*, 4th Dist. No.03CA24, 2004-Ohio-1992, 2004 WL 845111, at ¶ 9.

{¶ 12} This holding is consistent with the holdings of other courts in this state. In *Reynolds*, the Supreme Court concluded that the trial court's failure to allow the defendant the opportunity to speak during the penalty phase was not prejudicial, because the defendant made an unsworn statement during the penalty phase and sent a letter to the trial court prior to sentencing and his defense counsel spoke on his behalf. 80 Ohio St.3d at 684, 687 N.E.2d 1358; cf. *Campbell*, 90 Ohio St.3d at 325, 738 N.E.2d 1178 (holding that it was not harmless error when defense counsel spoke on the defendant's behalf, appellant had made a videotaped confession, and a psychologist had written a letter to the court incorporating some of the defendant's statements, since "the judge never heard [the defendant] *personally* appeal" [emphasis sic] ). In *State v. Myers* (Feb. 12, 1999), 2nd Dist. No. 96 CA 38, 1999 WL 94917, the case on which *McBride* and *Mynhier* relied, the court found that the trial court's failure to afford the defendant his right to allocution was harmless error only because the defendant previously had made a statement under oath and was given the opportunity to present evidence in mitigation of his sentence and the trial judge did not rely on any additional information, such as victim-impact statements, prior to imposing sentence.

{¶ 13} Taken as a whole, these cases make clear that the interest that is protected by the right to allocution is the opportunity for the defendant to address the court directly on his own behalf *after* all the information on which the sentencing court relies when pronouncing sentence has been presented. There is no evidence in the record that Brown made a statement of any kind to the trial court prior to the imposition of his sentence. Since the proper forum for these matters to be addressed is the trial court, it would be "unfair to judge a defendant's mitigation plea on paper when he is entitled to make that plea in person to the court that is sentencing him." *State v. Spradlin*, 4th Dist. No. 04CA727, 2005-Ohio-4704, 2005 WL 2174054, at ¶ 10.

{¶ 14} Brown's sole assignment of error has merit. Accordingly, we reverse the judgment of the Geauga County Court of Common Pleas, Juvenile Division, and remand the cause for resentencing.

Judgment reversed
and cause remanded.

O'NEILL and RICE, JJ., concur.