[Cite as *State v. Thompson*, 2013-Ohio-1981.]

# IN THE COURT OF APPEALS
# FIRST APPELLATE DISTRICT OF OHIO
# HAMILTON COUNTY, OHIO

| | | |
|---|---|---|
| STATE OF OHIO, | : | APPEAL NO. C-120516 |
| | | TRIAL NO. 12CRB-11190 |
| Plaintiff-Appellee, | : | |
| | | *O P I N I O N.* |
| vs. | : | |
| DWIGHT THOMPSON, | : | |
| Defendant-Appellant. | : | |

Criminal Appeal From: Hamilton County Municipal Court

Judgment Appealed From Is: Affirmed

Date of Judgment Entry on Appeal: May 17, 2013

*John Curp*, City Solicitor, *Charles Rubenstein*, City Prosecutor, and *Brian F. Leurck*, Assistant City Prosecutor, for Plaintiff-Appellee,

*Roger W. Kirk*, for Defendant-Appellant.

Please note: this case has been removed from the accelerated calendar.

**DEWINE, Judge.**

{¶1}    Dwight Thompson challenges his conviction for disorderly conduct, asserting that the trial court did not afford him his right of allocution.  We agree that the trial court erred when it failed to address Mr. Thompson personally and ask him if he had anything to say in mitigation.  We conclude, however, that under the facts of this case the error was harmless.

{¶2}    Mr. Thompson was charged with assaulting Shaunia Hughes, who, at the time of the offense, was pregnant with his child.  He pleaded guilty to a reduced charge of disorderly conduct.  The trial court accepted the guilty plea, and then addressed Ms. Hughes about what had happened.  After Ms. Hughes gave her side of the story, the court asked, "Mitigation?"  Mr. Thompson's counsel spoke in mitigation on Mr. Thompson's behalf.   Following counsel's statement, the trial court had an informal colloquy with Ms. Hughes and then asked Mr. Thompson why he committed the offense.

{¶3}    After a brief discussion with Mr. Thompson, the court engaged Ms. Hughes and her mother in a conversation.  Next, the court addressed Mr. Thompson, saying, "I'm getting ready to lock you up.  I'm on the verge of locking you up," and then indicated the sentence it expected to impose.  Mr. Thompson then asked and was permitted to address the court.  He claimed that he was not the only person who had done damage, and that Ms. Hughes had flattened his tires.  He also assured the court that he would have no more involvement with Ms. Hughes, but that he would take care of his unborn child.  Thereafter, the court imposed the sentence that it had previously indicated, and granted Mr. Thompson's request for a stay of the jail time for a week.

{¶4} In his sole assignment of error, Mr. Thompson asserts that the trial court erred by denying him the right of allocution. "At the time of imposing sentence, the court shall * * * [a]fford counsel an opportunity to speak on behalf of the defendant and address the defendant personally and ask if he * * * wishes to make a statement in his * * * own behalf or present any information in mitigation of punishment." Crim.R. 32(A)(1).

{¶5} The failure to afford a defendant his right of allocution is not a constitutional error. *Hill v. United States*, 368 U.S. 424, 428, 82 S.Ct. 468, 7 L.Ed.2d 417 (1962). It is, however, a right that is firmly rooted in the common law. *Green v. United States*, 365 U.S. 301, 304, 81 S.Ct. 653, 5 L.Ed.2d 670 (1961). In *Green*, the United States Supreme Court declined to reverse a conviction in which it was not clear from the record whether the judge's statement—"did you want to say something"—was directed to the defendant or to counsel. *Id.* at 304-305. Nonetheless, the court announced that "[t]rial judges before sentencing should, as a matter of good judicial administration, unambiguously address themselves to the defendant" and "[h]ereafter trial judges should leave no doubt that the defendant has been issued a personal invitation to speak prior to sentencing." *Id.* at 305.

{¶6} Similarly in *State v. Green*, 90 Ohio St.3d 352, 359-360, 738 N.E.2d 1208 (2000), the Ohio Supreme Court vacated a defendant's sentence in a capital case because it found that the trial court erred by not explicitly asking the defendant "in an inquiry directed only to him" whether he had anything to say. "A Crim.R. 32 inquiry is much more than an empty ritual: it represents a defendant's last opportunity to plead his case or express remorse," explained the court. *Id.*

{¶7} In the case at bar, the trial court's general statement "mitigation" was not sufficient; the court should have addressed Mr. Thompson personally to ask

3

whether he wished to exercise his right of allocution. We conclude this was error, and now consider whether the error was harmless.

{¶8} The Ohio Supreme Court consistently has reiterated that the failure to afford the right of allocution may be harmless. In another capital case decided the same day as *Green*, the court explained: "We further hold that in a case in which the trial court has imposed sentence without first asking the defendant whether he or she wishes to exercise the right of allocution created by Crim.R. 32(A), resentencing is required unless the error is invited error or harmless." *State v. Campbell*, 90 Ohio St.3d 320, 326, 738 N.E.2d 1178 (2000). *See State v. Reynolds*, 80 Ohio St.3d 670, 687 N.E.2d 1358 (1998).

{¶9} The question of what constitutes harmless error in the context of the right to allocution, however, is open to some question. This court has held harmless a trial court's failure to afford the appellant his right of allocution when the appellant did not indicate on appeal what he would have said in mitigation had he been given the opportunity by the trial court. *State v. Mynhier*, 146 Ohio App.3d 217, 223, 765 N.E.2d 917 (1st Dist.2001), citing *State v. McBride*, 2d Dist. No. 18016, 2001 Ohio App. LEXIS 220 (Jan. 26, 2001), *overruled on other grounds, State v. Giles*, 1st Dist. No. C-010582, 2002-Ohio-3297. As in *Mynhier*, Mr. Thompson did not present to us what mitigation he would have offered below.

{¶10} Our decision in *Mynhier*, however, has not been followed in other Ohio appellate districts. The Second Appellate District, whose case we cited in support of our conclusion in *Mynhier*, has since disavowed its holding. *State v. Cowen*, 167 Ohio App.3d 233, 2006-Ohio-3191, 854 N.E.2d 579, ¶ 14-17 (2d Dist.). The Fourth Appellate District likewise has declined to follow *Mynhier*, pointing out that "it is unfair to judge a defendant's mitigation plea on paper when he is entitled

4

to make that plea in person to the court that is sentencing him." *State v. Spradlin*, 4th Dist. No. 04CA727, 2005-Ohio-4704, ¶ 10. Further, how an appellant could present information on appeal about what he would have said in mitigation has been questioned. "On direct appeal, an appellant is limited to making arguments based on the actual record, and cannot present new evidence for consideration." *State v. Land*, 7th Dist. No. 00-C.A.-261, 2002-Ohio-1531, ¶ 21. *See State v. Brown*, 166 Ohio App.3d 252, 2006-Ohio-1796, 850 N.E.2d 116, ¶ 11 (11th Dist.) (also declining to adopt the rule established in *Mynhier*). Although the reasoning of the other districts is persuasive, we need not decide now whether we will continue to adhere to our holding in *Mynhier* because, under the totality of the circumstances in this case, we conclude that the court's error was harmless.

{¶11} In *Reynolds*, the Ohio Supreme Court addressed the effect of the trial court's failure to afford a defendant his right of allocution before sentencing him to the death penalty. *Reynolds*, 80 Ohio St.3d at 683-684, 687 N.E.2d 1358. In that case, the trial court had filed its sentencing decision before the hearing was held. *Id.* at 683. The prosecutor and defense counsel then were invited to address the court on the defendant's aggravated murder count, but the court did not invite the defendant to speak during the sentencing hearing. *Id.* On appeal, the Supreme Court held that the trial court's failure to strictly comply with Crim.R. 32(A) was harmless because the defendant had made an unsworn statement during the penalty phase of the trial, had sent a letter to the court, and had had counsel make a statement on his behalf. *Id.* at 684. The court acknowledged that the trial court should have waited to file its sentencing decision until the hearing was complete, but concluded that the defendant was not prejudiced by the early filing. "Had new

evidence or information been presented during the sentencing hearing, the trial court could have modified its sentencing order." *Id.*

{¶12} Here, the court addressed Mr. Thompson to ask the reason for his actions prior to making the statement about his expected sentence. Further, Mr. Thompson asked for and was given a further opportunity to speak to the court before the court entered judgment. Even though the court had indicated its anticipated sentence, the hearing continued. The court heard from the defendant and made its final pronouncement of sentence after the defendant spoke. As recognized by the Supreme Court in *Reynolds*, had the court been swayed by Mr. Thompson's comments, it could have changed the sentence it had previously indicated. Reading the record as a whole, we are satisfied that Mr. Thompson had a chance to make his case in mitigation to the trial judge, and that he did not suffer prejudice despite the less than orderly nature of the plea colloquy conducted by trial judge.

{¶13} We conclude, therefore, that in this case the court's failure to comply strictly with Crim.R. 32(A) was harmless. *See Cleveland v Gholston*, 8th Dist. No. 96592, 2011-Ohio-6164. The sole assignment of error is overruled, and we affirm the judgment of the trial court.

Judgment affirmed.

**DINKELACKER, P.J.,** and **FISCHER, J.,** concur.

Please note:

The court has recorded its own entry on the date of the release of this opinion.