[Cite as *State v. Poe*, 2018-Ohio-3279.]

# IN THE COURT OF APPEALS
# FIRST APPELLATE DISTRICT OF OHIO
# HAMILTON COUNTY, OHIO


| | | |
|---|---|---|
| STATE OF OHIO, | : | APPEAL NO. C-170506 |
| | | TRIAL NO. 17CRB-13232 |
| Plaintiff-Appellee, | : | |
| vs. | : | *O P I N I O N.* |
| ANNETTE POE, | : | |
| Defendant-Appellant. | : | |


Criminal Appeal From:  Hamilton County Municipal Court

Judgment Appealed From Is:   Affirmed in Part, Reversed in Part, and Cause Remanded for Resentencing

Date of Judgment Entry on Appeal:  August 17, 2018


*Paula Boggs Muething*, City Solicitor, *Natalia Harris*, City Prosecutor, and *Christopher Liu*, Assistant Prosecutor, for Plaintiff-Appellee,

*Raymond T. Faller*, Hamilton County Public Defender, and *Demetra Stamatakos*, Assistant Public Defender, for Defendant-Appellant.

**CUNNINGHAM, Presiding Judge.**

{¶1}    Defendant-appellant Annette Poe appeals her conviction for criminal damaging, asserting that the trial court denied her the right of allocution and that she was prejudiced by the denial.  We agree and remand the cause for resentencing.

{¶2}    After Poe was arrested for criminal damaging, she proceeded to a trial before the court.  At trial, Elizabeth Valesquez testified that she had seen her neighbor scratch the side of her husband's car while it was located in the parking lot of their apartment building around noon on May 15, 2017.  Valesquez identified Poe as the neighbor, and stated that Poe often addressed her with derogatory terms. Valesquez's husband, Jose Rodriquez Fernandez, testified that the car he had left in Poe's parking spot with her permission had no scratches when he checked it before leaving for work on the morning of May 15, but the car had significant scratches when he returned home from work later that day.  Fernandez further testified that when he confronted Poe about the damage, she lashed out with "Mexicans [are] no good here."  The only other witness to testify was the officer who arrested Poe after his investigation.

{¶3}    The trial court found Poe guilty of the charge and proceeded to sentencing. The following exchange then took place on the record:

> The Court:  Mitigation.
>
> Defense counsel:  Judge, mitigation.  Ms. Poe is 53 years old.  She has no record that I can see.  Judge, she is working right now for Trade Global in West Chester.
>
> [The Court]: Ms. Poe, I'm curious as to the portion that we heard[,] the exchange that may or may not have taken place, did you tell the Fernandez family, the victims[,] that they could park in your space?

2

Poe: No.

The Court: Okay, so that is not accurate in terms of the parking space?

Poe: It's not accurate. They park on the street.

The Court: Okay.

Poe: In front of a store and it's got cameras.

The Court: Mm-hmm.

Poe: And they carry phones all the time. They said they seen me scratch the car, why didn't they take a picture or try to stop me?

The Court: Part of what I was curious about is whether or not you had, in fact, said that they could park there.

Poe: No, I never told them they could park there. They never did park in my spot.

The Court: Do you have a criminal record over there? I don't see anything up here. You say your client has no record, okay.

The Prosecutor: I believe Mr. Rodriguez would request [a] restitution amount. Unfortunately I don't have an estimate here today.

The Court: In order to provide a restitution amount I have to have an amount.

The Prosecutor: I understand.

The Court: This is charged as an M-2, is that correct?

The Prosecutor: It is. Ma'am, you did not spend any time in lockup, did you?

Defense counsel: She was arrested, taken down to the Justice Center, Judge.

The Court: Okay. Ma'am, I'm going to place you on a period of Community Control for 11 months. In order to do that, I'm imposing 90 days, suspend 90 days. There's going to be [a] $100 fine plus court costs. No contact with the family that's alleged as the victim in this case, the Fernandez family. So, no contact with them. That's no back and forth, nothing. I'm going to order you to complete the Corrective Thinking program.

{¶4} In her sole assignment of error, Poe asserts that the trial court erred by denying her the right of allocution as required by Crim.R. 32(A)(1), because the court failed to "address [her] personally" and ask if she "wish[ed] to make a statement in * * * her own behalf or present any information in mitigation of punishment."

{¶5} The defendant's right of allocution requires a trial court's unambiguous, personal invitation to the defendant to speak on the issue of mitigation of punishment before sentencing. *State v. Green*, 90 Ohio St.3d 352, 359, 738 N.E.2d 1208 (2000), cited in *State v. Thompson*, 1st Dist. Hamilton No. C-120516, 2013-Ohio-1981, ¶ 6; *State v. Saunders*, 1st Dist. Hamilton No. C-160781, 2017-Ohio-8557, ¶ 13. "Trial courts must painstakingly adhere to Crim.R. 32, guaranteeing the right of allocution," as the Crim.R. 32 inquiry "represents a defendant's last opportunity to plead his case or express remorse." *Green* at 359-360.

{¶6}   If a trial court imposes a sentence without first asking the defendant if he or she wishes to exercise the right of allocution, "resentencing is required unless the error is invited error or harmless error." *State v. Campbell*, 90 Ohio St.3d 320, 738 N.E.2d 1178 (2000), paragraph three of the syllabus; *Thompson* at ¶ 8.

{¶7}   In this case, the trial court's general statement of "mitigation" at the commencement of the sentencing hearing was not sufficient to satisfy the court's duty to unambiguously address Poe personally when inquiring about mitigation. *See Thompson* at ¶ 7.  The state argues, however, that the trial court's subsequent direct questioning of Poe was sufficient to render the error harmless.

{¶8}   In support of its harmless-error argument, the state cites *State v. Reynolds*, 80 Ohio St.3d 670, 687 N.E.2d 1358 (1998), and *Thompson*, 1st Dist. Hamilton No. C-120516, 2013-Ohio-1981.  In *Reynolds*, the Supreme Court held that the trial court's failure to ask the defendant if he wanted to make a statement before sentencing on an aggravated-murder count was harmless error because the defendant had made an unsworn statement in the penalty phase of the trial and had addressed the court in a previously sent letter, and his attorney had made a statement on his behalf.  *Reynolds* at 684.

{¶9}   In *Thompson*, this court held that the trial court's failure to personally ask the defendant if he wanted to exercise his right of allocution was harmless because the defendant requested and was granted an opportunity to personally address the court and "make his case in mitigation" before the court finally pronounced sentence.  *Thompson* at ¶ 12.

{¶10}   This case is distinguishable from *Reynolds* and *Thompson* because nothing in the record demonstrates that Poe was ever adequately informed of or

afforded her right to make a statement to the court with respect to the sentence about to be imposed. The back and forth between the trial court and Poe during the sentencing hearing involved the court's narrow inquiry about a part of one victim's testimony. The court did not inquire as to whether Poe wished to present information in mitigation of punishment for the offense of criminal damaging, and Poe's responses to the court touched on guilt but not on punishment. The court then imposed a maximum sentence for a second-degree misdemeanor. Although the jail term was suspended, the sentence also included community control for 11 months, a fine, and the completion of a "Corrective Thinking" class.

{¶11} On this record, we conclude that the error was not harmless, as we cannot say that had the court asked Poe if she wished to personally address the court with respect to the sentence about to be imposed, as required by Crim.R. 32(A)(1), it would have had no positive effect on her sentence.

{¶12} Accordingly, we sustain the sole assignment of error, reverse Poe's sentence, and remand the cause to the trial court for resentencing in accordance with this opinion and the law. We affirm in all other respects.

Judgment affirmed in part, reversed in part, and cause remanded.

ZAYAS and DETERS, JJ., concur.

Please note:

The court has recorded its own entry on this date.