[Cite as *State v. Coppa*, 2021-Ohio-4570.]

# IN THE COURT OF APPEALS OF OHIO
## ELEVENTH APPELLATE DISTRICT
## PORTAGE COUNTY

| | |
|---|---|
| STATE OF OHIO, | CASE NO. 2021-P-0034 |
| Plaintiff-Appellee, | |
| - v - | Criminal Appeal from the Court of Common Pleas |
| NICHOLAS E. COPPA, | |
| Defendant-Appellant. | Trial Court No. 2020 CR 00566 |

## O P I N I O N

Decided: December 27, 2021
Judgment: Reversed and sentence vacated; remanded

*Victor J. Vigluicci*, Portage County Prosecutor, and *Pamela J. Holder*, Assistant Prosecutor, 241 South Chestnut Street, Ravenna, Ohio 44266 (for Plaintiff-Appellee).

*Donald K. Pond, Jr.*, 600 Brown Street, Akron, Ohio 44311 (for Defendant-Appellant).

JOHN J. EKLUND, J.

{¶1}   Appellant, Nicholas Coppa, appeals his sentencing, arguing that the sentencing court denied him the right of allocution.  Appellant also appeals the consecutive sentences imposed on him.

{¶2}   On September 22, 2020, Appellant plead guilty to one count of aggravated possession of drugs in Case No. 2020 CR 566.

{¶3}   On March 22, 2021, the sentencing court held a hearing to revoke community control in Case No. 2019 CR 736 and to sentence Appellant on his guilty plea for aggravated possession of drugs in Case No. 2020 CR 566.

{¶4} Prior to sentencing, the court never asked Appellant if he had anything to say for himself

{¶5} The court imposed a twelve-month prison sentence upon revoking community control in Case No. 2019 CR 736, and a twelve-month prison sentence for aggravated possession of drugs in Case No. 2020 CR 566.

{¶6} Consecutive sentences were imposed on Appellant. When imposing consecutive sentences, the court stated, "I'm ordering specifically that that sentence run consecutively because you were on probation already on community control when you picked up that new charge."

{¶7} While all requirements for consecutive sentences were written on the sentencing entry, the court failed to state at the sentencing hearing the requirements that: (1) consecutive sentences are necessary to protect the public from future crime or to punish the offender, and (2) consecutive sentences are not disproportionate to the seriousness of the offender's conduct and to the danger the offender poses to public.

{¶8} ASSIGNMENT OF ERROR: THE TRIAL COURT ERRED BY DENYING APPELLANT THE RIGHT OF ALLOCUTION PRIOR TO THE IMPOSITION OF SENTENCE.

{¶9} Appellant first contends that his sentence for aggravated possession of drugs in Case No. 2020 CR 566 should be remanded for resentencing because the sentencing court erred in denying Appellant the right of allocution at the hearing.

{¶10} Crim.R. 32(A)(1) provides: "at the time of imposing sentence, the court shall * * * address the defendant personally and ask if he or she wishes to make a statement in his or her own behalf or present any information in mitigation of punishment."

2

Case No. 2021-P-0034

{¶11} "Trial courts must painstakingly adhere to Crim.R. 32, guaranteeing the right of allocation. A Crim.R. 32 inquiry is much more than an empty ritual: it represents a defendant's last opportunity to plead his case or express remorse." *State v. Green*, 90 Ohio St. 3d 352, 359-360, 738 N.E.2d 1208 (2000). "The purpose of allocution is to permit the defendant to speak on his own behalf or present any information in mitigation of punishment." *State v. Reynolds*, 80 Ohio St. 3d 670, 684, 687 N.E.2d 1358 (1998). "Judges should leave no room for doubt that the defendant has been issued a personal invitation to speak prior to sentencing." *Green v. United States*, 365 U.S. 301, 305, 81 S.Ct. 653, 5 L.Ed.2d 670 (1961). The trial judge must unambiguously and explicitly ask the defendant, in an inquiry directed only to him, whether he has anything to say prior to sentencing. *Green*, 90 Ohio St. 3d at 359.

{¶12} If the right of allocution is not afforded to the defendant, "the judgment of sentence shall be reversed and the cause shall be remanded for resentencing, unless the error is invited or harmless." *State v. Brown*, 166 Ohio App. 3d 252, 2006-Ohio-1796, 850 N.E.2d 116, ¶ 8 (11th Dist.).

{¶13} The doctrine of waiver is not always applicable to the right of allocution. *State v. Campbell,* 90 Ohio St. 3d 320, 324, 738 N.E.2d 1178 (2000). The defendant may only waive the right after the court has asked the defendant if he wishes to speak in allocution. *Id.*

{¶14} The doctrine of invited error provides an exception to the right of allocution if the defendant invited or induced the court's failure to provide him with allocution. *Id.*

{¶15} Harmless error is "any error, defect, irregularity, or variance which does not affect substantial rights." Crim.R. 52(A). It is not harmless error when the defendant is

3

prejudiced by the court's conduct, or a substantial right is violated. *State v. Jencson*, 5th Dist. Knox 2021-Ohio-3256, ¶ 19.

{¶16} Here, the sentencing court never unambiguously addressed Appellant directly asking if he wished to make a statement to the court prior to imposing a sentence on him in Case No. 2019 CR 736. Thus, Appellant was not afforded the right of allocution that Crim.R. 32(A)(1) requires.

{¶17} The state concedes and agrees that Appellant was not afforded the right of allocution that Crim.R. 32(A)(1) requires and makes no argument that harmless error or invited error applies.

{¶18} Appellant's assignment of error is well taken, and we remand for resentencing to afford Appellant the right of allocution.

{¶19} ASSIGNMENT OF ERROR: THE TRIAL COURT ERRED BY SENTENCING APPELLANT TO A CONSECUTIVE SENTENCE WHERE THE RECORD DOES NOT SUPPORT THE FINDINGS REQUIRED FOR THE IMPOSITION OF A CONSECUTIVE SENTENCE.

{¶20} When ordering consecutive sentences for multiple offenses, a sentencing court is required to make three statutory findings. R.C. 2929.14(C)(4).

> If multiple prison terms are imposed on an offender for convictions of multiple offenses, the court may require the offender to serve the prison terms consecutively if the court finds that the consecutive service is necessary to protect the public from future crime or to punish the offender and that consecutive sentences are not disproportionate to the seriousness of the offender's conduct and to the danger the offender poses to the public, and if the court also finds any of the following:
> (a) The offender committed one or more of the multiple offenses while the offender was awaiting trial or sentencing, was under a sanction imposed pursuant to section

4

2929.16, 2929.17, or 2929.18 of the Revised Code, or was under post-release control for a prior offense.

(b) At least two of the multiple offenses were committed as part of one or more courses of conduct, and the harm caused by two or more of the multiple offenses so committed was so great or unusual that no single prison term for any of the offenses committed as part of any of the courses of conduct adequately reflects the seriousness of the offender's conduct.

(c) The offender's history of criminal conduct demonstrates that consecutive sentences are necessary to protect the public from future crime by the offender.

R.C. 2929.14(C)(4)(a-c).

{¶21} "In order to impose consecutive terms of imprisonment, a trial court is required to make the findings mandated by R.C. 2929.14(C)(4) at the sentencing hearing and incorporate its findings into its sentencing entry, but it has no obligation to state reasons to support its findings." *State v. Bonnell*, 140 Ohio St. 3d 209, 2014-Ohio-3177,16 N.E.3d 659, ¶ 37.

{¶22} "The appellate court may increase, reduce, or otherwise modify a sentence that is appealed under this section or may vacate the sentence and remand the matter to the sentencing court for resentencing * * * if it clearly and convincingly finds * * * that the sentence is otherwise contrary to law." R.C. 2953.08(G)(2)(b). A sentence is contrary to law when the court fails to make the required findings for consecutive sentences. *State v. Barajas-Anguiano*, 11th Dist. Geauga No. 2017-G-0112, 2018-Ohio-3440, ¶ 19.

{¶23} Here, the court imposed consecutive sentences of twelve months each for Case No. 2019 CR 736 and Case No. 2020 CR 566. The state concedes that the court failed to make and state all required findings at the hearing. Specifically, the court did not state: (1) that the consecutive sentence is necessary to protect the public from future crime or to punish the offender; and (2) that the consecutive sentence is not disproportionate to the seriousness of the offender's conduct and to the danger the

5

offender poses to the public. *See* R.C. 2929.14(C)(4). The court's failure to do so renders the sentence contrary to law. *Barajas-Anguiano*, *supra*, at ¶ 19.

{¶24} We find Appellant's assignment of error has merit. When a sentence is appealed under R.C. 2953.08, the appellate court may increase, reduce, otherwise modify the sentence, or vacate the sentence and remand for resentencing. In this case, we find the appropriate remedy is to vacate the sentence and remand for resentencing. Upon remand, the court must either impose concurrent sentences, or justify the imposition of consecutive sentences on the record. *State v. Brown*, 2017-Ohio-9259, 103 N.E.3d 32, ¶ 86 (11th Dist.).

{¶25} For the reasons stated above, the judgment of the Portage County Court of Common Pleas is reversed, the sentence is vacated, and we remand for resentencing on both assignments of error. Upon remand, the court shall provide Appellant the right of allocution by directly asking if he would personally wish to make a statement prior to sentencing. The court shall also determine whether consecutive sentences are appropriate, and if so, state the required findings at the hearing. If not, the sentences must be concurrent.

MARY JANE TRAPP, P.J.,

CYNTHIA WESTCOTT RICE, J.,

concur.

6

Case No. 2021-P-0034