[Cite as *State v. Coppa*, 2021-Ohio-4569.]

# IN THE COURT OF APPEALS OF OHIO
## ELEVENTH APPELLATE DISTRICT
## PORTAGE COUNTY

STATE OF OHIO,

        Plaintiff-Appellee,

- v -

NICHOLAS E. COPPA,

        Defendant-Appellant.

CASE NO. 2021-P-0033

Criminal Appeal from the
Court of Common Pleas

Trial Court No. 2019 CR 00736

---

# **M E M O R A N D U M**
# **O P I N I O N**

Decided: December 27, 2021
Judgment: Appeal dismissed

---

*Victor J. Vigluicci*, Portage County Prosecutor, and *Pamela J. Holder*, Assistant Prosecutor, 241 South Chestnut Street, Ravenna, Ohio 44266 (for Plaintiff-Appellee).

*Donald K. Pond, Jr.*, 600 Brown Street, Akron, Ohio 44311 (for Defendant-Appellant).

JOHN J. EKLUND, J.

{¶1} Appellant, Nicholas Coppa, appeals his sentencing, arguing that the Portage County Court of Common Pleas denied him the right of allocution.

{¶2} On November 19, 2019, Appellant plead guilty to aggravated possession of drugs, in violation of R.C. 2925.11(C)(1)(a) in Case No. 2019 CR 736. Appellant was sentenced to community control.

{¶3} On March 10, 2020, the State filed a motion to revoke Appellant's community control, alleging he failed to (1) report as directed; (2) comply with substance abuse treatment; and (3) respond to correspondence sent by the probation department.

On March 22, 2021, the sentencing court held a hearing to revoke community control in Case No. 2019 CR 736. Upon revoking community control, the court imposed a twelve-month prison sentence. Prior to sentencing, the court never asked Appellant if he had anything to say for himself. As of Appellant's sentencing date, April 13, 2021, he was credited with one hundred and eighty-four days of time served out of the twelve-month sentence.

{¶4} ASSIGNMENT OF ERROR: THE TRIAL COURT ERRED BY DENYING APPELLANT THE RIGHT OF ALLOCUTION PRIOR TO THE IMPOSITION OF SENTENCE AT THE COMMUNITY CONTROL REVOCATION HEARING.

{¶5} Appellant argues that his sentence in Case No. 2019 CR 736 should be remanded for resentencing because the court denied him the right of allocution at the hearing.

{¶6} Crim.R. 32(A)(1) provides: "at the time of imposing sentence, the court shall * * * address the defendant personally and ask if he or she wishes to make a statement in his or her own behalf or present any information in mitigation of punishment."

{¶7} If the right of allocution is not afforded to the defendant, "the judgment of sentence shall be reversed and the cause shall be remanded for resentencing, unless the error is invited or harmless." *State v. Brown*, 2006-Ohio-1796, 11th Dist. Geauga 166 Ohio App. 3d 252, 850 N.E.2d 116, ¶ 8.

{¶8} The State asserts that Appellant was afforded the right of allocution, but if not, it was either invited error, harmless error, or waived. However, we need not address those arguments.

2

{¶9}    At the time of this appeal, because of the time served credited to Appellant prior to sentencing in April, Appellant has already served the twelve-month prison term for Case No. 2019 CR 736.  As such, an appellate court cannot grant relief to an appellant who has already served his complete term if the underlying conviction is not at issue. *State v. Johnson*, No. 2005-L-208 11th Dist. Lake, 2007-Ohio-780, ¶ 7.

{¶10}   Appellant's assignment of error is moot and the appeal is dismissed.

MARY JANE TRAPP, P.J.,

CYNTHIA WESTCOTT RICE, J.,

concur.