[Cite as *State v. Farhat*, 2022-Ohio-1716.]

# IN THE COURT OF APPEALS OF OHIO
## ELEVENTH APPELLATE DISTRICT
## PORTAGE COUNTY

| | |
|---|---|
| STATE OF OHIO, | **CASE NO. 2021-P-0111** |
| Plaintiff-Appellee, | |
| - v - | Criminal Appeal from the Court of Common Pleas |
| GERALD L. FARHAT, | |
| Defendant-Appellant. | Trial Court No. 2019 CR 00211 |

**O P I N I O N**

Decided: May 23, 2022
Judgment: Reversed; remanded

*Victor V. Vigluicci,* Portage County Prosecutor, and *Pamela J. Holder,* Assistant Prosecutor, 241 South Chestnut Street, Ravenna, OH 44266 (For Plaintiff-Appellee).

*James P. Gilbride,* 100 North Avenue, Suite 103, No. 200, Tallmadge, OH 44278 (For Defendant-Appellant).

JOHN J. EKLUND, J.

{¶1} Appellant, Gerald Farhat, appeals his conviction for theft from a person in a protected class in the Portage County Court of Common Pleas.

{¶2} The trial court sentenced appellant to 18 months incarceration. Appellant raises a single assignment of error arguing that the trial court did not afford him the right of allocution pursuant to Crim.R. 32(A)(1). The State has conceded error in this matter.

{¶3} After review of the record and the applicable caselaw, we find appellant's assignment of error has merit. The judgment of the Portage County Court of Common Pleas is reversed, and this matter is remanded for resentencing.

## Substantive and Procedural History

{¶4} On March 1, 2019, appellant was indicted on identity theft, theft from a person in a protected class, and forgery. On May 19, 2020, appellant pled guilty to theft from a person in a protected class in violation or R.C. 2913.02(A)(1), (B)(1) and (3), a felony of the fourth degree. The State dismissed the remaining charges. Appellant failed to appear at the Adult Probation Department for his presentence investigation appointment, a warrant for his arrest was issued, and he was arrested the following year in May 2021.

{¶5} The sentencing hearing was held on May 19, 2021. At the hearing, appellant's defense counsel addressed the court and explained the reason he failed to appear for nearly a year. The court then asked appellant "is there anything you would like to tell me before I sentence you?" Appellant explained that he had other matters in Summit County and that he "should have been more mature" and was wrong by making his decision to not report to probation for the presentence report.

{¶6} The court then proceeded to sentencing, reviewed the presentence report, and recited appellant's prior criminal history. The court found that appellant was not amenable to community control sanctions and the presumption of community control had been overcome. The court began to relate the facts of the case to appellant saying:

> THE COURT: * * * You said you were hired to put a roof on a house, ordered the materials, contractor somehow threw a fit, you gave the job to him –
>
> DEFENDANT: That –
>
> THE COURT: My turn to talk. No, no, no, no. Then the next thing you know, you got charged. Well this gentleman is out $1,900.00.

2

**{¶7}** Appellant was not given any further opportunity to address the court and the court sentenced him to the maximum 18-month term with 14 days jail credit.

**{¶8}** On October 21, 2021, appellant filed a pro se Motion for Leave to File a Delayed Appeal, which was untimely filed by approximately four months. This court granted the Leave to File a Delayed Appeal on November 19, 2021.

## Assignment of Error and Analysis

**{¶9}** Appellant sole assignment of error states:

**{¶10}** "The trial court committed prejudicial error when it denied Farhat his right of allocution as it applied to the theft offense for which he was sentenced contrary to Crim.R. 32(A)(1). (Sentencing T.p. 6-8)."

**{¶11}** Appellant contends that his sentence should be remanded for resentencing because the trial court erred in denying appellant the right of allocution at the hearing.

**{¶12}** Crim.R. 32(A)(1) provides: "at the time of imposing sentence, the court shall * * * address the defendant personally and ask if he or she wishes to make a statement in his or her own behalf or present any information in mitigation of punishment." "Trial courts must painstakingly adhere to Crim.R. 32, guaranteeing the right of allocution. A Crim.R. 32 inquiry is much more than an empty ritual: it represents a defendant's last opportunity to plead his case or express remorse." *State v. Green*, 90 Ohio St. 3d 352, 359-360, 738 N.E.2d 1208 (2000). "The purpose of allocution is to permit the defendant to speak on his own behalf or present any information in mitigation of punishment." *State v. Reynolds*, 80 Ohio St. 3d 670, 684, 687 N.E.2d 1358 (1998). "Judges should leave no room for doubt that the defendant has been issued a personal invitation to speak prior to sentencing." *Green v. United States*, 365 U.S. 301, 305, 81 S.Ct. 653, 5 L.Ed.2d 670

3

(1961). The trial judge must unambiguously and explicitly ask the defendant, in an inquiry directed only to him, whether he has anything to say prior to sentencing. *State v. Green* at 359.

{¶13} If the right of allocution is not afforded to the defendant, "the judgment of sentence shall be reversed and the cause shall be remanded for resentencing, unless the error is invited or harmless." *State v. Brown*, 166 Ohio App. 3d 252, 2006-Ohio-1796, 850 N.E.2d 116, ¶ 8 (11th Dist.). The doctrine of waiver is not always applicable to the right of allocution. *State v. Campbell*, 90 Ohio St. 3d 320, 324, 738 N.E.2d 1178 (2000). The defendant may only waive the right after the court has asked the defendant if he wishes to speak in allocution. *Id.*

{¶14} The doctrine of invited error provides an exception to the right of allocution if the defendant invited or induced the court's failure to provide him with allocution. *Id.* Harmless error is "any error, defect, irregularity, or variance which does not affect substantial rights." Crim.R. 52(A). "It is not harmless error when the defendant is prejudiced by the court's conduct, or a substantial right is violated." *State v. Coppa*, 11th Dist. Portage No. 2021-P-0034, 2021-Ohio-4570, ¶ 15, citing *State v. Jencson*, 5th Dist. Knox 2021-Ohio-3256, ¶ 19.

{¶15} Here, although appellant was offered an opportunity to speak at the sentencing hearing, he spoke only to the reason for his failure to appear for nearly one year. Appellant's right of allocution was his "last opportunity to plead his case or express remorse." *State v. Green*, *supra,* at 359-360. The trial court did not afford appellant an opportunity to address the substance of his offense, offer any mitigating considerations, speak to his lengthy criminal history, or to express remorse for his actions. The record

4

demonstrates that appellant attempted to do so, but that the court cut him off and said "My turn to talk. No, no, no, no." Thus, appellant was not afforded the right of allocution that Crim.R. 32(A)(1) requires.

{¶16} The State concedes that appellant was not afforded the right of allocution that Crim.R. 32(A)(1) requires and makes no argument that harmless error or invited error applies.

{¶17} Appellant's assignment of error is well taken, and we remand for resentencing to afford appellant the right of allocation. Upon remand, the court shall provide appellant the right of allocution by personally asking if he would wish to make a statement prior to sentencing.


MARY JANE TRAPP, J.,

MATT LYNCH, J.,

concur.

5