[Cite as *State v. Spaid*, 2024-Ohio-2771.]

# IN THE COURT OF APPEALS OF OHIO
## ELEVENTH APPELLATE DISTRICT
## TRUMBULL COUNTY

| | |
|---|---|
| STATE OF OHIO, | **CASE NO. 2024-T-0032** |
| Plaintiff-Appellee, | |
| - vs - | Criminal Appeal from the Court of Common Pleas |
| PATRICK G. SPAID, | |
| Defendant-Appellant. | Trial Court No. 2023 CR 00592 |

**O P I N I O N**

Decided: July 22, 2024
Judgment: Reversed and remanded

*Dennis Watkins*, Trumbull County Prosecutor, and *Ryan J. Sanders*, Assistant Prosecutor, Administration Building, Fourth Floor, 160 High Street, N.W., Warren, OH 44481 (For Plaintiff-Appellee).

*Ronald D. Yarwood*, 42 North Phelps Street, Youngstown, OH 44503 (For Defendant-Appellee).

JOHN J. EKLUND, J.

{¶1} Appellant, Patrick Spaid, appeals his conviction for Operating a Motor Vehicle While Under the Influence of Alcohol or Drugs (OVI) in the Trumbull County Court of Common Pleas.

{¶2} Appellant raises a single assignment of error arguing that the trial court did not afford him the right of allocution pursuant to Crim.R. 32(A)(1).

{¶3} After review of the record and the applicable caselaw, we find appellant's assignment of error has merit. The judgment of the Trumbull County Court of Common Pleas is reversed, and this matter is remanded for resentencing.

**Substantive and Procedural History**

{¶4} On September 20, 2023, appellant was indicted on two counts of fourth degree felony OVI offenses under R.C. 4511.19(A)(1)(a) and (G)(1)(d)(i) and R.C. 4511.19(A)(1)(b) and (G)(1)(d)(ii), both with vehicle forfeiture specifications under R.C. 2941.1417(A) and R.C. 2981.02(A)(2)(a).

{¶5} On January 4, 2024, appellant entered a guilty plea to an amended indictment for one count of OVI, a felony of the fourth degree, pursuant to R.C. 4511.19(A)(1)(a) and (G)(1)(d)(i). Count two was dismissed.

{¶6} On March 13, 2024, the trial court held a sentencing hearing.

{¶7} The trial court began by asking appellant "How are you today?" Appellant responded "I'm all right. How are you?"

{¶8} The trial court addressed some procedural issues with counsel and then engaged in the following discourse:

THE COURT: So, any reason why we can't go forward today, Mr. Spaid?

THE DEFENDANT: No, ma'am.

THE COURT: Anything from the prosecution?

ATTY. WILDMAN: No, Judge, we would defer to Your Honor.

THE COURT: Anything from the defense?

ATTY. YARWOOD: Your Honor, yes, if I may. . . .

2

Case No. 2024-T-0032

{¶9} Attorney Yarwood then addressed the trial court regarding sentencing. The trial court did not address appellant again before imposing sentence. The trial court sentenced appellant to 15-months imprisonment, imposed a $1,350.00 mandatory minimum fine, ordered that appellant complete an outpatient alcohol program, and suspended his driver's license for three years.

{¶10} Appellant timely appealed, raising one assignment of error.

**Assignment of Error and Analysis**

{¶11} Appellant's sole assignment of error states: "APPELLANT WAS DENIED HIS RIGHT TO ALLOCUTE PURSUANT TO OHIO CRIM.R. 31(A)(1)."

{¶12} Crim.R. 32(A)(1) provides: "at the time of imposing sentence, the court shall . . . address the defendant personally and ask if he or she wishes to make a statement in his or her own behalf or present any information in mitigation of punishment." "Trial courts must painstakingly adhere to Crim.R. 32, guaranteeing the right of allocution. A Crim.R. 32 inquiry is much more than an empty ritual: it represents a defendant's last opportunity to plead his case or express remorse." *State v. Green*, 90 Ohio St. 3d 352, 359-360 (2000). "The purpose of allocution is to permit the defendant to speak on his own behalf or present any information in mitigation of punishment." *State v. Reynolds*, 80 Ohio St. 3d 670, 684 (1998). "Judges should leave no room for doubt that the defendant has been issued a personal invitation to speak prior to sentencing." *Green v. United States*, 365 U.S. 301, 305 (1961). The trial judge must unambiguously and explicitly ask the defendant, in an inquiry directed only to him, whether he has anything to say prior to sentencing. *State v. Green* at 359.

3

Case No. 2024-T-0032

{¶13} If the right of allocution is not afforded to the defendant, "the judgment of sentence shall be reversed and the cause shall be remanded for resentencing, unless the error is invited or harmless." *State v. Brown*, 2006-Ohio-1796, ¶ 8 (11th Dist.). Crim.R. 32 "does not merely give the defendant a right to allocution; it imposes an affirmative requirement on the trial court to 'ask if he or she wishes to' exercise that right." *State v. Campbell*, 90 Ohio St. 3d 320, 324 (2000). The defendant may only waive the right after the court has asked the defendant if he wishes to speak in allocution. *Id.* at 325.

{¶14} The doctrine of invited error provides an exception to the right of allocution if the defendant "'induced' or 'was actively responsible for'" the court's failure to provide him with allocution. *Id.* at 324, quoting *State v. Kollar*, 93 Ohio St. 89, 91 (1915).

{¶15} Harmless error is "any error, defect, irregularity, or variance which does not affect substantial rights." Crim.R. 52(A). "It is not harmless error when the defendant is prejudiced by the court's conduct, or a substantial right is violated." *State v. Coppa*, 2021-Ohio-4570, ¶ 15 (11th Dist.).

{¶16} Although the trial court did personally address appellant, the nature of address did not satisfy Crim.R. 32(A) because the trial court never asked appellant if he wished to make a statement on his own behalf. Asking a criminal defendant "how are you today?" is ambiguous and may or may not be an invitation to speak prior to sentencing. This is especially true when this question comes at the outset of a hearing and will likely be interpreted as a curtesy rather than an invitation to speak freely on one's own behalf or present any information in mitigation of punishment.

{¶17} Similarly, asking a defendant if there is any reason why sentencing cannot go forward leaves room for doubt about whether the defendant has been issued a

4

personal invitation to speak. The defendant may wish to address the court about sentencing, mitigation, and remorse, but have no reason to believe that the sentencing hearing cannot go forward. Appellant's answer in the negative did not invite the trial court's error. Thus, this question also fails to satisfy the trial court's affirmative requirement to ask if the defendant wishes to exercise the right to allocution.

{¶18} Finally, asking if there is "[a]nything from the defense?" is not an unambiguous "inquiry directed *only to* the defendant." (emphasis added). *State v. Green*, 90 Ohio St. 3d at 359. It is a question that will likely (and was in fact in this instance) be interpreted as a question to defense counsel.

{¶19} Accordingly, his sole assignment of error has merit.

{¶20} Appellant's assignment of error is well taken, and we remand for resentencing to afford appellant the right of allocution. Upon remand, the court shall provide appellant the right of allocution by personally asking if he would wish to make a statement prior to sentencing, and permitting him to do so if he chooses.

EUGENE A. LUCCI, P.J.,

MATT LYNCH, J.,

concur.